**Rohan Leroy EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–95–00856–CR, 01–95–00857–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 1996.

Isidro Cantu, Houston, for Appellant.

John B. Holmes, Jr., Kimberly A. Stelter, Bill Moore, Houston, for Appellee.

Before HUTSON–DUNN, MIRABAL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

Appellant, Rohan Leroy Edwards, was charged by separate indictments with the offenses of aggravated robbery and burglary of a motor vehicle. Appellant entered a plea of "guilty" to the first offense and "no contest" to the second. The court deferred adjudication in both cases, and placed appellant on probation for six years.

After appellant violated several conditions of his probation, the State moved to adjudicate guilt in both causes. Following a hearing on the motions, the court granted the State's motions and sentenced appellant to 18–years confinement in the aggravated robbery cause and 10–years confinement in the burglary of a motor vehicle cause. In two points of error, appellant contends that his pleas were involuntary. We affirm.

## VOLUNTARINESS OF PLEA

### Standard of Review

■ The voluntariness of a guilty plea is determined by the totality of the circum-stances. *Griffin v. State,* 703 S.W.2d 193, 196 (Tex.Crim.App.1986); *Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). When the record shows that the defendant received an admonishment on punishment, it is a prima facie showing that the plea was knowing and voluntary. *Ex parte Williams,* 704 S.W.2d 773, 775 (Tex. Crim.App.1986); *Forcha v. State,* 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences. *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex. Crim.App.1985). Once an accused attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal that his plea was involuntary. *Crawford,* 890 S.W.2d at 944.

■ There is no requirement that the judge orally inquire about voluntariness of a plea after the defendant and trial counsel have signed written admonishments, statements, or waivers, and the judge has established that the defendant has read and understood them. *See Gonzales v. State,* 899 S.W.2d 819, 821 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd); *Rodriguez v. State,* 850 S.W.2d 603, 607 (Tex.App.—El Paso 1993, no pet.).

### (I) No Contest Plea in Burglary of a Motor Vehicle Cause

Appellant argues that his no contest plea in this cause was involuntary for two reasons: (1) he pled no contest only because he wanted to take advantage of deferred adjudication promised by the trial court, and (2) the trial court did not directly ask appellant if he understood all the admonishments.

**Duty of trial court to sua sponte withdraw plea.** Appellant first argues that he pled no contest because he had been assured by the trial court that the court would defer a finding of guilt. He claims that this was important to him because he was a noncitizen and hoped to avoid the risk of possible deportation if found guilty of a felony. Appellant now contends that, even though he got deferred adjudication as he was promised, it was the duty of the trial court to *sua sponte* withdraw his plea and enter a plea of

not guilty. He claims that it should have been apparent to the court that he did not feel he was guilty of burglary of a motor vehicle based on his counsel's statements at the plea hearing and his answers on cross-examination at his adjudication hearing.

■ The general rule is that the duty of a trial court to *sua sponte* withdraw a defendant's plea arises only if evidence that fairly raises an issue about his innocence is presented before the adjudication of the defendant's guilt. *Sullivan v. State*, 573 S.W.2d 1, 1–3 (Tex.Crim.App. [Panel op.] 1978); *Hernandez v. State*, 827 S.W.2d 54, 56 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The court will look to the totality of the circumstances in each case to determine whether there is sufficient evidence to require a withdrawal of the plea. *See Gates v. State*, 543 S.W.2d 360, 361–62 (Tex.Crim.App. 1976).

Appellant cites *Fairfield v. State*, 610 S.W.2d 771, 778 (Tex.Crim.App.1981), *Griffin v. State*, 703 S.W.2d 193, 195 (Tex.Crim.App. 1986), *Reyna v. State*, 434 S.W.2d 362, 364 (Tex.Crim.App.1968), and *Jones v. State*, 634 S.W.2d 61, 62 (Tex.App.—Fort Worth 1982, pet. ref'd), in support of this general rule. Each of these cases, however, involve pleas before a *jury* rather than before the *trial court*.

■ The Texas Court of Criminal Appeals has held that a different rule applies to bench trials, where the trial judge, not a jury, is the ultimate trier of fact. *See Thomas v. State*, 599 S.W.2d 823, 824 (Tex.Crim.App.1983); *Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim.App.1978).[1] The trial court is not required to withdraw a plea of guilty *sua sponte* and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to his guilt. *Moon*, 572 S.W.2d at 682; *Graves v. State*, 803 S.W.2d 342, 346 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). The *Moon* Court rationalized that it is the duty of the

trial court to consider the evidence submitted and as the trier of the facts, the court may find the appellant guilty of a lesser offense, or it may find the defendant not guilty. *Moon*, 572 S.W.2d at 682. Thus, it would serve no valid purpose for the court to withdraw the guilty plea and enter a not guilty plea when the defendant enters a plea of guilty before the court after waiving a jury. *Id.* at 682.

■ In this case, appellant expressly waived his right to a jury and opted to enter his plea of no contest to the *trial court*. Appellant indicated at the plea hearing that he was entering his plea of his own free will, that he had not been promised anything to cause him to enter the plea, and that he understood that the court could find him guilty upon hearing evidence of guilt. The record also indicates that appellant signed a written instrument entitled "Admonishment and Statement and Waivers," which appellant reviewed with his attorney and which were approved by the court. Consequently, the trial court was under no obligation to *sua sponte* withdraw appellant's no contest plea.

**Admonishment by trial court.** Appellant also contends that his plea in this cause was involuntary because the trial court failed to question *him* about his understanding of the admonishments. Appellant does not contest that he executed written admonishments, or that he reviewed them with his attorney. Rather, he contends that the record does not show that he understood them.

Article 26.13(d) of the Texas Code of Criminal Procedure provides that "[t]he court may make the admonitions required by this article *either* orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." Tex.Code Crim. Proc.Ann. art. 26.13(d) (Vernon 1989). Article 26.13(c) provides that substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and

---

1. We recognize that this Court's opinion in *Hernandez v. State* did not make the distinction between a plea before the jury or the trial court. *Hernandez v. State*, 827 S.W.2d at 56.

that he was misled by the admonishment of the court. TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989).

The trial court noted at appellant's plea hearing that appellant had signed and filed a written instrument entitled "Admonishment and Statement and Waivers."[2] Appellant testified that he had gone over these matters with his attorney. The court then asked appellant's attorney if appellant appeared to understand all the written admonishments. His attorney replied that appellant understood the written representations that he was making to the court. Appellant did not object or deny that statement, and indeed testified that he understood that there had been no recommendation made as to punishment, and that his punishment rested solely in the discretion of the court. The court also asked appellant if he understood that on a plea of no contest, the court would find him guilty of the offense charged upon hearing evidence of guilt. Appellant stated that he understood.

■ We find that this evidence meets the requirements of article 26.13(d) that written admonitions were given to appellant and that he signed a statement attesting that he understood the admonitions. The trial court was not required by statute to further question appellant about voluntariness of his plea. *See Gonzales,* 899 S.W.2d at 821. The evidence actually exceeds the requirements by showing that the trial court examined the written plea papers and questioned both appellant and his attorney to determine that appellant was knowingly and voluntarily entering his plea.

Accordingly, we find that appellant's plea of no contest on the charge of burglary of a motor vehicle was voluntary.

We overrule point of error one.

## (II) Guilty Plea in Aggravated Robbery Cause

Appellant argues that his plea of guilty in this cause was involuntary (1) because the involuntary aspects of the plea on the burglary of a motor vehicle cause "infected the plea" on the aggravated robbery cause, and (2) because the trial court did not ask him directly if he understood the admonishments he had signed.

**Infection of the plea.** Appellant claims that the involuntary aspects of the plea on the burglary of a motor vehicle cause "infected the plea" on the aggravated robbery cause because it is obvious that appellant had to plead to both cases or neither case. He contends that prosecutors in Harris County would not have allowed appellant to plead for deferred adjudication on the aggravated robbery case, and then allow him to go to trial on the burglary of a motor vehicle case. Appellant concedes that this allegation does not appear in the plea papers, and that neither his counsel nor the prosecutor stated that one plea was conditioned on the other. Furthermore, he fails to offer any legal support for his proposition, and we find none. This argument is speculative and without merit.

**Admonishment by trial court.** Next, appellant makes the same claim as in the burglary of a motor vehicle plea: that his guilty plea was involuntary because the trial court did not ask appellant directly if he understood the admonishments he had signed.

■ As we discussed above, article 26.13(d) of the Texas Code of Criminal Procedure provides that the court may make the required admonitions in writing. If it does so, the defendant and the defendant's attorney must file a statement that the defendant understands the admonitions and is aware of the consequences of his plea. TEX.CODE CRIM.PROC.ANN. art. 26.13(d). Substantial compliance by the court with the admonishment statute is sufficient. TEX.CODE CRIM. PROC.ANN. art. 26.13(c) (Vernon 1989). When the record shows that the defendant received an admonishment on punishment, there is prima facie showing that the plea was know-

---

2. We note that the transcript submitted by appellant does not include a copy of the written admonishments or statement admittedly filed by appellant. In light of his failure to include these documents in the record on appeal, we presume that they support the court's finding that appellant understood the admonishments. *See, cf., Applewhite v. State,* 872 S.W.2d 32, 33 (Tex. App.—Houston 1994); *O'Neal v. State,* 826 S.W.2d 172, 173 (Tex.Cr.App.1992); TEX.R.APP.P. 50(d).

ing and voluntary. *Ex parte Williams*, 704 S.W.2d at 775. There is no requirement that the trial court orally inquire about specific issues of voluntariness after the defendant and his counsel have both admitted on the record, without objection by the defendant, that the defendant filed such written documents and that he understood them. *See Rodriguez*, 850 S.W.2d at 607 (holding that the trial court was entitled to rely upon contents of written admonishments and statements in which both defendant and his counsel averred that defendant's plea was freely and voluntarily made).

 In the aggravated robbery cause, the transcript submitted by appellant on appeal includes a copy of appellant's "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." Appellant's signature on this document indicates that he (1) understood the allegations in the plea form and (2) confessed that they were true and that he committed the alleged acts. Although the record does not contain "Written Admonishments" or "Statements and Waivers of Defendant," appellant admitted on the record that he filed these documents after reviewing them with his attorney. The trial court was not required to question him further.

The record also indicates that, even though it was not required, the court questioned appellant about the voluntariness of his plea.

THE COURT: ... have you been threatened in any way or placed under any kind of fear or forced in any manner to enter a plea of guilty?

[APPELLANT]: *No, I have not, sir.*

THE COURT: Are you entering a plea of guilty to the charges of your own free will?

[APPELLANT]: Yes, Your Honor, I am.

The court also admonished appellant that no recommendation had been made by the State and that the court had sole discretion of appellant's punishment. The court advised appellant that, as a non-citizen of the United States, he was subject to being deported if convicted of a felony offense. The court further declared that appellant was mentally competent.

We find that the trial court substantially complied with the admonishment requirements of article 26.13(a), and that appellant did not meet his burden of showing that he was not aware of the consequences of his guilty plea and that he was misled by the admonishments of the court, as required by article 26.13(c). Accordingly, we find that appellant's guilty plea to the charge of aggravated robbery was voluntary.

We overrule point of error two.

We affirm the judgments of the trial court in both causes.