Opinion issued July 3, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00492-CR

____________


RONALD HARVEY SIPP, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 785062






O P I N I O N

 Pursuant to a plea bargain agreement with the State, appellant, Ronald Harvey
Sipp, pleaded guilty to the third degree felony offense of possession of marihuana, and
the trial court assessed punishment at seven years community supervision and a $1000
fine. Thereafter, the State filed a motion to revoke appellant's community supervision,
and appellant pleaded true to the allegation that he failed to report to his community
supervision officer for eight months. The trial court granted the State's motion and
sentenced appellant to four years confinement and a $1000 fine. We affirm.

Background

 Appellant's court-appointed counsel filed a brief stating that the appeal is wholly
frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation
of the record and stating why there are no arguable grounds of error on appeal. See
Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant
subsequently filed a pro se brief to which the State filed a response. We address
potential sources of error identified by appellant in his pro se brief and conduct an
independent review of the record for any arguable error which requires reversal.

Involuntary Pleas

 Appellant essentially raises two issues for our review. First, he contends that "all
relevant pleas" were entered into involuntarily, as demonstrated by his waiver of a
court reporter in all proceedings. Second, he contends that he pleaded true to the
allegation that he violated the terms of his community supervision without
understanding the consequences of his actions. 

 In regard to appellant's first issue, we note that a plea-bargaining defendant on
appeal may not attack the voluntariness of his plea. Cooper v. State, 45 S.W.3d 77, 77
(Tex. Crim. App. 2001). Thus, this Court lacks jurisdiction to reach the issue of the
voluntariness of appellant's original plea of guilty. Id. 

 In regard to his second issue, appellant argues that his plea of true that he
violated the terms of his community supervision was not intelligently and voluntarily
made because he (1) waived a court reporter, (2) pleaded true without an agreed
punishment recommendation from the State, and (3) upon bad advice, sent a
"disrespectful and insulting" letter to the Harris County Community Supervision and
Corrections Department. 

 The record reflects that, prior to accepting appellant's plea of true, the trial court
admonished appellant in writing concerning the consequences of his plea. The court's
written admonishments were accompanied by a document, signed by appellant, entitled
"Statement of Defendant." In this document, appellant stated that he understood the
court's written admonishments, that he understood the consequences of his plea, and
that he waived his right to have a court reporter record his plea of true. 

 Once an accused attests that he understands the nature of his plea and that it is
voluntary he has a heavy burden to prove on appeal that his plea was involuntary. 
Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 
Other than making the above general arguments, appellant directs us to no evidence, 
and we have found none in the record, that his plea of true was involuntary. 

 We overrule appellant's second issue.

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.