NO. 07-02-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 22, 2003
_____

EDWARD REVETERIANO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44127-C; HON. PATRICK A. PIRTLE, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Edward Reveteriano appeals from a judgment revoking his community supervision and sentencing him to three years imprisonment. In October of 2001, appellant pled guilty to the offense of burglary of a habitation pursuant to a plea bargain agreement. He was sentenced to four years confinement, which was probated for four years. The State subsequently filed a motion to revoke his probation. At the hearing, appellant pled true to the allegations as alleged in the motion. The trial court found that

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

the allegations were true and revoked appellant's probation.  However, he reduced appellant's sentence to three years in prison.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he has searched the record and found no arguable grounds for reversal.  The motion and brief illustrate that counsel notified appellant of his right to review the appellate record and file his own brief.  So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by September 10, 2003.  No response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel explained why there existed no arguable ground for appeal.  For instance, he acknowledged that appellant testified at the plea hearing that he was not aware that the burglary was about to be committed.  However, appellant did admit that he was at "the wrong place at the wrong time" and that his attorney had explained the law of parties which he understood.  Appellate counsel further pointed out that appellant pled guilty and was properly admonished by the trial court and that his plea was voluntary.  *See Edwards v. State,* 921 S.W.2d 477, 481 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

We have also conducted an independent review of the record to determine whether there existed reversible error and found none.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review).  No appeal was taken within 30 days from the date of appellant's guilty plea and order placing him on community supervision; thus, we have no jurisdiction over purported error arising at or before that hearing.  *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

2

Further, the punishment assessed was within the range prescribed by law. TEX. PEN. CODE ANN. §30.02(c)(2) (Vernon 2002) (stating the offense is a second degree felony); *Id*. §12.33(a) (stating the range of punishment for a second degree felony is not more than 20 years or less than two years).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court

Brian Quinn
Justice

Do not publish.

3