In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-00377-CR
          01-03-00378-CR
____________

ARCADE COMEAUX, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 32,363A & 32,365A



 
MEMORANDUM OPINION
               Appellant, Arcade Comeaux, while in prison, fashioned a crude weapon and
used it to stab his wife when she was visiting him at the prison; appellant also stabbed
a bystander who intervened to help appellant’s wife. Appellant pleaded guilty to two
offenses of aggravated assault and was sentenced by the trial court to life in prison. 
Appellant’s court-appointed counsel filed a motion to withdraw as counsel and a brief
in which he concludes that the appeal is wholly frivolous and without merit. The
brief meets the minimum requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record that
demonstrates the lack of arguable grounds of error. See High v. State, 573 S.W.2d
807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d).

               After an attorney files an Anders brief (which should be filed with a request
for withdrawal from the case) and the appellant is afforded an opportunity to respond,
the Court of Appeals—not the attorney—must conduct its own investigation of the
record to discover if there are arguable grounds on appeal. Stafford v. State, 813
S.W.2d 503, 511(Tex. Crim. App. 1991). Appellant filed a pro se response in which
he argues that (1) his guilty pleas were involuntary; (2) his trial and appellate counsel
were ineffective; (3) the trial court should have conducted a competency hearing; and
(4) the trial court did not have jurisdiction. The State has filed a brief in which it
contends that these points of error are without merit. Based on our review of the
record, we agree.

               On December 10, 2002, after voir dire had been conducted, appellant
pleaded guilty to one of the aggravated assault offenses. The jury panel was
dismissed and the trial court accepted appellant’s plea. At the close of the
proceedings, when the judge asked appellant how he wished to plead to the second
offense, appellant pleaded not guilty and asked for a jury trial. The hearing
terminated at this point. On March 14, 2003, appellant pleaded guilty to the second
offense of assault. The crux of appellant’s argument is that he had attempted suicide
the night before each of these hearings by ingesting a large quantity of pills and
passed out at the first plea hearing. He asserts he remembers nothing about the
hearings and argues that, given these circumstances and his long history of mental
problems and attempted suicides, trial counsel should not have let him plead guilty
and the trial court should not have accepted the plea. 

               The record does not support appellant’s contentions. After being
admonished orally and in writing regarding the consequences of his guilty pleas, and
despite being questioned by the trial court during the December plea hearing about
taking medication, appellant did not admit to having taken an overdose. An hour
after the December plea hearing, appellant was still conscious and talking with prison
hospital staff, and was able to inform them he had taken an overdose. There is no
indication in the record that he was incoherent, did not understand the nature of the
proceedings, or was in any way incapacitated at either hearing. The totality of the
circumstances does not support appellant’s contention that his plea was involuntary,
and he cannot meet his burden to prove it was involuntary. See Edwards v. State, 921
S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (identifying standard
of review and nature of defendant’s burden when claiming involuntariness). 
Moreover, there was nothing to warrant a competency inquiry and the trial court did
not err by not conducting an inquiry sua sponte. See McDaniel v. State, 98 S.W.3d
704, 710 (Tex. Crim. App. 2003) (noting that trial judge required to make
competency inquiry only when evidence raises bona fide doubt in judge’s mind as to
competency). 

               There is no information in the record as to trial counsel’s strategy and,
without such information, appellant cannot meet his burden to show ineffective
assistance of counsel. See Freeman v. State, 125 S.W.3d 505, 507 (Tex. Crim. App.
2003) (reiterating need for sufficiently developed trial record to establish ineffective
assistance of counsel). We are satisfied with appellate counsel’s review of the case
and conclude that he has met his Anders burden. Accordingly, appellate counsel was
not ineffective. Finally, as regards jurisdiction, we conclude that the indictment
vested jurisdiction in the trial court. See Riney v. State, 28 S.W.3d 561, 565 (Tex.
Crim. App. 2000).

               We have carefully reviewed the record, counsel’s brief, appellant’s pro se
response, and the State’s brief. We conclude that this appeal is frivolous, and that
appellant has not identified a truly arguable ground on appeal. 

               We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 

               We affirm the trial court’s judgment.

 
 
 
                                                             Evelyn V. Keyes

                                                             Justice



Panel consists of Chief Justice Radack and Justices Keyes and Bland.



Do not publish. Tex. R. App. P. 47.2(b).