NO. 07-03-0550-CR


NO. 07-03-0551-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 2, 2004



______________________________




SAMUEL BARTHOLOMEW SMIDDY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 12263-B & 13873-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Pursuant to our order abating these appeals and remanding the causes, the trial
court held a hearing to determine whether appellant wished to prosecute his appeals. 
During the hearing, appellant affirmatively expressed his intention to no longer pursue the
appeals. No decision of this Court having been delivered, we dismiss the appeals. No
motions for rehearing will be entertained and our mandates will issue forthwith. (1)

 Accordingly, the appeals are dismissed.

 Don H. Reavis

 Justice

 

Do not publish.
























 
1. We acknowledge that Rule 42.2(a) of the Texas Rules of Appellate Procedure
requires a written withdrawal of a notice of appeal to be filed in duplicate in this Court. 
However, appellant's intention not to pursue his appeals being clear, we apply Rule 2 to
suspend the operation of Rule 42.2(a).



mmitted. However, appellant did admit that he was at "the wrong place at the
wrong time" and that his attorney had explained the law of parties which he understood. 
Appellate counsel further pointed out that appellant pled guilty and was properly
admonished by the trial court and that his plea was voluntary. See Edwards v. State, 921
S.W.2d 477, 481 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 We have also conducted an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). No appeal was
taken within 30 days from the date of appellant's guilty plea and order placing him on
community supervision; thus, we have no jurisdiction over purported error arising at or
before that hearing. Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). 
Further, the punishment assessed was within the range prescribed by law. Tex. Pen. Code
Ann. §30.02(c)(2) (Vernon 2002) (stating the offense is a second degree felony); Id.
§12.33(a) (stating the range of punishment for a second degree felony is not more than 20
years or less than two years). 

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court

 Brian Quinn 

 Justice 


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003).