COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-031-CR

 

 

CLAYTON FORREST SMITH                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO 4. OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------

Appellant Clayton Forrest
Smith appeals his eight-year sentence for aggravated robbery with a deadly
weapon.  In his sole point, Smith argues
that his Aplea of
guilty was involuntary and the sentence was excessive.@  Smith waived the making of a
reporter=s record; only the clerk=s record is before us. For the reasons set forth below, we will
affirm.








 In determining whether a plea is voluntary, we
consider the record as a whole.  Williams
v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  A record that indicates that the trial court
properly admonished the defendant presents a prima facie showing that the
guilty plea was made voluntarily and knowingly. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); see
Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon Supp. 2008).  When
the record presents a prima facie showing that the plea was voluntary and
knowing, the burden shifts to the defendant to show that he entered the plea
without understanding the consequences.  Edwards
v. State, 921 S.W.2d 477, 479 (Tex. App.CHouston [1st Dist.] 1996, no pet.). 








In this case, Smith pleaded
guilty to the charge of aggravated assault with a deadly weapon and executed
written plea admonishments.  See Tex. Code Crim. Proc. Ann. art.
26.13(a).  In this document, Smith agreed
in writing that he was Aaware of the
consequences of [his] plea@ and that his plea was Aknowingly, freely, and voluntarily entered.@  See generally id. art.
26.13(b).  The clerk=s record, which is the only record before us, reflects that the trial
court properly admonished Smith in writing and received a statement from Smith
and Smith=s attorney
that Smith understood the admonitions and was aware of the consequences of his
plea.  See id.  Accordingly, the record reflects a prima
facie showing that Smith=s guilty
plea was made voluntarily.  Harris v.
State, 887 S.W.2d 482, 484 (Tex. App.CDallas 1994, no pet.).  The
burden thus shifted to Smith to demonstrate that he did not understand the
consequences of his plea, and based on the record before usCin which Smith himself acknowledges that the plea was voluntaryCSmith has not met that burden.[2]  See, e.g., Arreola v. State, 207
S.W.3d 387, 391 (Tex. App.CHouston [1st Dist.] 2006, no pet.). 
Furthermore, Smith, who waived the making of a reporter=s record, cannot rely on the absence of such a record on appeal to
support the reversal of his conviction.  See
McDougal v. State, 105 S.W.3d  119,
121 (Tex. App.CFort Worth
2003, pet. ref=d) (holding A[a] criminal defendant may not waive the making of a record and then,
on appeal, rely on the absence of evidence to support reversal of his
conviction.@). 








Smith additionally argues
that his eight-year sentence is excessive. 
Aggravated assault with a deadly weapon is a first-degree felony,
punishable by five to ninety-nine years= incarceration.  Tex. Penal Code Ann. '' 12.32(a), 22.02(b)(1) (Vernon 2003). 
The clerk=s record
contains no indication that Smith objected to or filed a motion for new trial
challenging his sentence.  Consequently,
Smith=s excessive punishment issue is not preserved for our review.  See, e.g., Holley v. State, 167 S.W.3d
546, 549 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d).  Moreover, Smith=s eight-year sentence is within the permissible range and therefore is
not excessive.  Id. at 549C50 (citing numerous cases holding that Aa punishment within the statutory guidelines is not excessive@).  We overrule Smith=s sole point.[3]

Having overruled Smith=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: WALKER, J.; CAYCE, C.J.; and
MCCOY, J.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: January 10, 2008

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Smith
makes no factual allegation concerning, nor gives any reason for, his assertion
that his plea was involuntary.





[3]In
his appellate brief, Smith points out that, concurrently with the filing of his
brief, he filed a motion to abate this appeal so that a record could be made on
his motion for new trial.  Because we
previously denied Smith=s
motion to abate, we do not further address it here.