Affirmed and Memorandum Opinion filed February 25, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00940-CR

___________________

 

Samuel Marcus Beckwith, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 209th District Court

Harris County,
Texas



Trial Court Cause No. 1166824

 



 

 

M E M O R A N D U M  O P I N I O N

Without an agreed recommendation, appellant,
Samuel Marcus Beckwith, pleaded guilty to possession of less than one gram of
cocaine, a state jail felony.  Pursuant to Texas Penal Code section 12.44(a),
the trial court sentenced him to thirty days’ confinement in the county jail.[1]  In a single
issue, appellant contends his plea was not knowing, intelligent and voluntary. 
Because all dispositive issues of law are settled, we issue this memorandum
opinion and affirm.  See Tex. R. App. P. 47.4

I.  Background

Before pleading guilty, appellant waived his right to
jury trial and judicially confessed to possessing less than one gram of cocaine
on May 13, 2008.  Pursuant to Code of Criminal Procedure 26.13, he executed
written waivers and admonishments, which the trial court approved.  Among other
items, appellant initialed the paragraph setting forth his offense and the
following paragraph indicating the sentence he faced, if convicted:

STATE JAIL FELONY:  confinement in a State Jail for any
term of not less than 180 days or more than 2 years, and in addition, a fine
not to exceed $10,000 may be assessed.  Upon conviction for a State Jail Felony
offense, the period of confinement may be suspended and you may be placed under
supervision of the Court for a period of not less than 2 years or more than 5
years or may order the sentence to be executed.  The court may also suspend all
or part of any fine assessed.

Appellant also initialed the waivers of his rights to
oral admonishment by the court and to have a court reporter record his plea. 
Accordingly, there is no reporter’s record of the plea hearing.  Finally,
appellant initialed the paragraphs indicating he was executing his statement,
“freely, knowingly, and voluntarily,” understood the admonishments, and was
aware of, and fully understood, the consequences of his plea.

The trial court approved the waivers and
admonishments and accepted appellant’s plea.  The court then sentenced
appellant to thirty days in county jail.

II.  Discussion

In a single issue, appellant argues his plea was not
knowing, intelligent, and voluntary.  A record showing the trial court
admonished the defendant is prima facie proof his guilty plea was knowing and voluntary.  See Ex
parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986).  Once such prima
facie proof has been presented, the burden shifts to the defendant to show he
did not understand the consequences of his plea.  Miller v. State, 879
S.W.2d 336, 338 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d) (citing Fuentes
v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985)).  A defendant who
attests he understands the nature of his plea and that it is voluntary has a
heavy appellate burden to prove involuntariness.  Edwards v. State, 921
S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

Appellant contends his plea was not knowing, intelligent,
and voluntary because the trial court did not substantially comply with Texas
Code of Criminal Procedure article 26.13(a) in admonishing him about the range
of punishment.  Article 26.13(a) provides in relevant part:  “Prior to
accepting a plea of guilty or a plea of nolo contendere, the court shall
admonish the defendant of . . . the range of the punishment attached to the
offense.”  Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2009). 
Substantial compliance in admonishing a defendant is sufficient, “unless the
defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment of the court.”  Id.
art. 26.13(c).

Appellant pleaded guilty to possession of less than
one gram of cocaine, a substance listed in penalty group one.  See Tex.
Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2009).  Possession
of less than one gram of a penalty-group-one substance is a state jail felony,
punishable by confinement in state jail for any term of not more than two years
or less than 180 days and a fine not to exceed $10,000.  See id. at
481.115(a), (b); Tex. Penal Code Ann. § 12.35(a), (b) (Vernon Supp. 2009).  As
set forth in Part I above, the trial court admonished appellant of this
punishment range.

Appellant’s claim the trial court did not
substantially comply with section 26.13(a) rests solely on the fact the trial
court sentenced appellant to less than 180 days in state jail.  Specifically,
appellant complains, “Since appellant’s punishment was not within the range
prescribed by law for a state jail felony offense, substantial compliance
cannot be found and the burden does not shift to appellant to show that he
entered the plea without understanding the consequences of his action and was
thus harmed.”

The trial court, however, sentenced appellant
pursuant to Texas Penal Code section 12.44(a), which provides,

A court may punish a defendant who
is convicted of a state jail felony by imposing the confinement permissible as
punishment for a Class A misdemeanor if, after considering the gravity and
circumstances of the felony committed and the history, character, and
rehabilitative needs of the defendant, the court finds that such punishment
would best serve the ends of justice.

Tex. Penal Code Ann. §
12.44(a) (Vernon Supp. 2009).

A Class A misdemeanor is punishable by “(1) a fine
not to exceed $4,000; (2) confinement in jail for a term not to exceed one
year; or (3) both such fine and confinement.”  Tex. Penal Code Ann. § 12.21
(Vernon 2003).  Appellant’s thirty-day sentence fell within this range.  Thus,
contrary to appellant’s assertion, his punishment was within the range
prescribed by law for a state jail felony offense.

If appellant is also arguing that a court, after it
has admonished a defendant of the punishment range attached to a state jail
felony, must further admonish him it may impose a sentence less than the minimum
180-day sentence for a state jail felony (i.e., a sentence permissible for a
Class A misdemeanor), he cites no authority to support that requirement.  We
have found none.

 Instead, a court substantially complies with section
26.13(a) when it admonishes the defendant of the appropriate range of
punishment, the sentence given is within the range prescribed by law, and the
defendant fails to affirmatively show harm.  See Hughes v. State, 833
S.W.2d 137, 139–40 (Tex. Crim. App. 1992).  As discussed above, although the
trial court’s admonishment did not include the possibility of a lesser term
under section 12.44(a), the trial court’s admonishment correctly reflected the
punishment range for a state jail penalty, and the sentence given was within
the range prescribed by law.  This was not a plea bargain case, and appellant does
not argue he was harmed or mislead by lack of the reference to the sentence
available under section 12.44(a), nor does he present any evidence to this
effect.  We conclude the trial court substantially complied with section
26.13(a).  See Davis v. State, 7 S.W.3d 695, 697 (Tex. App.—Houston
[1st Dist.] 1999, no pet.) (concluding trial court substantially complied with
section 26.13(a) although it admonished defendant that range of punishment was
two to 20 years or life, when defendant's sentence of 15 years was within
stated range actual statutory range of two to 20 years, and defendant did not
argue that he was misled or harmed by improper admonishment), overruled on
other grounds by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001).

Accordingly, we overrule appellant’s sole issue and
affirm the judgment of the trial court.

                                                                                                                                                                                                                                    

                                                            /s/        Charles
W. Seymore

                                                                        Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.

Do not
publish.  Tex. R. App. P. 47.2(b).









[1] See Tex. Penal Code
Ann. § 12.44(a) (Vernon Supp. 2009).