**Opinion filed November 30, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00018-CR

_____

### DAVID ROY WILLIAMS, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 297th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1047438D**

### M E M O R A N D U M   O P I N I O N

David Roy Williams pleaded guilty to theft of property in the amount of more than $1,500 but less than $20,000. The trial court found him guilty and assessed his punishment at eighteen months confinement in the Texas Department of Criminal Justice, State Jail Division. We affirm.

In one issue, appellant asserts that his guilty plea was involuntary. Specifically, appellant argues that there was no record of the plea hearing showing that he was orally admonished.

A guilty plea must be entered into intelligently and voluntarily in order to be valid under the Due Process Clause of the United States Constitution. *Bousley v. United States*, 523 U.S. 614, 618 (1998). The Due Process Clause requires that a defendant who pleads guilty be fully aware of the nature of the charge against him and the consequences of the plea. *Id*. However,

due process does not require that the trial court admonish a defendant who pleaded guilty about every possible consequence of his plea. *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). In order to find that a defendant's plea was intelligently and voluntarily entered, the court must "[canvass] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

In Texas, a trial court must also admonish a defendant who pleaded guilty of the consequences of the plea as specifically set out in TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2010). These admonishments serve to protect several constitutional rights of the defendant. *Anderson v. State*, 182 S.W.3d 914, 917-18 (Tex. Crim. App. 2006). The admonishments assure the court that the defendant's waiver of these rights in entering a guilty plea comports with due process, that is, that the waiver was made voluntarily and with knowledge of the consequences of the plea. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). The trial court may make the admonishments either orally or in writing. Article 26.13(d). If the court makes the admonishments in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. *Id.* When the defendant and trial counsel have signed written admonishments, statements, or waivers, and it has been established that the defendant has read and understood the admonishments, the trial court is not required to orally inquire about the voluntariness of the plea. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

Appellant argues that, because the record does not show that he was orally admonished, his guilty plea was not knowing and voluntary. The United States Supreme Court held that a waiver of important constitutional rights cannot be presumed from a silent record. *Boykin*, 395 U.S. at 243. Constitutional rights can be waived if it is shown that the defendant made an intentional relinquishment or abandonment of a known right or privilege. *Boykin*, 395 U.S. at 243. Article 26.13(d) was the vehicle for courts to comply with the constitutional requirements of due process for defendants entering guilty pleas. *Price v. State*, 866 S.W.2d 606, 616-17 (Tex. Crim. App. 1993). These admonishments can be made either orally or in writing. Article 26.13(d).

The record is not silent in this case. Appellant and his attorney signed written admonishments waiving his constitutional rights. These written admonishments show that appellant had an understanding of the nature of the charge and the consequences of his plea.

2

Further, at the sentencing hearing, appellant stated that he had been admonished in writing and that he had waived his right to a jury trial and all other rights guaranteed by the Constitution of the United States.  It is clear from the record that appellant was properly admonished, waived his constitutional rights, and entered the guilty plea knowingly and voluntarily.  We overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.


JIM R. WRIGHT

CHIEF JUSTICE


November 30, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

3