

# NUMBER 13-18-00118-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RANDY LEE BARNETT,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

## On appeal from the County Court at Law
## of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

After pleading "nolo contendere" to a misdemeanor assault allegation, the trial court found appellant Randy Lee Barnett guilty and sentenced him to 180 days in jail. *See* TEX. PEN. CODE ANN. § 22.01. Barnett contends that the trial court erred in two ways: (1) by failing to order a pre-sentence investigation (PSI); and (2) by not warning him that he could withdraw his "no contest" plea when the court failed to follow the State's

sentencing recommendation.    We affirm.

## I.    BACKGROUND

On December 5, 2017, Barnett pleaded "nolo contendere" to a class "A" misdemeanor assault.   *See id*.   Prior to the plea hearing, Barnett requested that the court dismiss his court-appointed attorney so he could personally confer with the State. The court admonished Barnett of the disadvantages of self-representation and explained that he would have to sign a waiver of attorney form.   The waiver explained the "dangers and disadvantages" of self-representation.   For example, it provided that:

> There are dangers and disadvantages of representing myself, primarily: (a) there are technical rules of evidence and courtroom procedure and I will not be granted any special consideration solely because I choose to represent myself and I will be held to the same courtroom standards as a licensed attorney, and; (b) in the event that I am convicted, I will be prohibited from claiming ineffective assistance of counsel on appeal.

The waiver also set forth the following:   "I ask the Court to immediately decide this case and I waive every provision of the law which would delay or arrest judgment of conviction or the Court sentencing me in this case.   I have been told by the Judge that I have a right to a pre-sentence report but I request that it not be made."   Barnett signed the waiver and represented himself.   He conferred with the State and negotiated a plea agreement of 90 days in jail.   Barnett then read and signed the plea documents that included the written waivers, stipulations, applications, and agreements.

During the plea hearing, Barnett acknowledged under oath that he thoroughly reviewed the plea agreement and understood its terms.   Barnett further acknowledged that he attended college and was able to read, write, and understand English.   Barnett entered a plea of "nolo contendere" and acknowledged that he was making the decision

2

under his own free will. The trial court found Barnett guilty and announced that it was modifying the plea agreement from 90 to 180 days in jail. After asking Barnett if he had any questions, he responded that he did not. At no point during or immediately following the plea hearing did Barnett object to the trial court's sentence or attempt to withdraw his plea. This appeal followed.

## II. DISCUSSION

### A. Waiver of a Pre-Sentence Investigation Report

By his first issue, Barnett contends that he did not knowingly waive his rights to a presentence investigation (PSI) report prior to sentencing. The Texas Code of Criminal Procedure provides that before the imposition of the sentence by a judge, the judge shall direct a supervision officer to prepare a presentence report for the judge. TEX. CODE CRIM. PROC. ANN. art. 42A.252(a). The judge is not required to direct a supervision officer to prepare a presentence report in a misdemeanor case, however, if the defendant requests that a report not be made and the judge agrees to the request. *Id*. art. 42A.252(b)(1).

The Sixth Amendment grants to the accused personally the right to make his own defense. *See* U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819 (1975). When an accused manages his own defense, he relinquishes many of the traditional benefits associated with the right to counsel. *Faretta*, 422 U.S. at 835. For this reason, the accused must "knowingly and intelligently" waive these benefits. *Id.* Although a defendant may not have the skill and experience of a lawyer to competently and intelligently represent himself, he should be made aware of the dangers and

3

disadvantages of self-representation so that the record shows "his choice is made with eyes open." *Id.* (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). When a defendant asserts his pro se rights, our analysis must center on whether the defendant was aware of the dangers and disadvantages of self-representation. *See Goffrey v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992); *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988).

Here, Barnett requested that the trial court withdraw his court-appointed counsel so he could personally confer with the State. He signed a waiver of attorney form that outlined the "dangers and disadvantages of representing [himself]." After personally conferring with the State, he signed a plea agreement which included language that stated, "I have been told by the judge that I have a right to a pre-sentence report but I request that it not be made." Barnett signed and dated the document under the line that read, "I acknowledge that this waiver is made voluntarily and intelligently." Barnett also made it known on record that he had gone to college; could read, write, and understand English; was not under the influence of drugs or alcohol at the time; and that he thoroughly reviewed and understood all of the paperwork prior to signing.

Barnett also argues that he did not knowingly and intelligently waive his right to a PSI report because the contents of the plea agreement were in a font that was too small to be readily understood. However, he cites to no authority requiring that a waiver be a certain font size, and this Court does not find any.

Accordingly, we conclude that Barnett was aware of the dangers of self-representation and knowingly waived his right to a pre-sentence (PSI) report. He cannot

now complain about it on appeal. Further, because Barnett was convicted of a misdemeanor offense and he requested that a report not be made, the trial court was not required by statute to direct the preparation of the report. TEX. CODE CRIM. PROC. ANN. Art. 42A.252(b)(1). We overrule his first issue.

## B. The Failure to Withdraw the "No Contest" Plea

In his second issue, Barnett contends that the trial court should have advised him that he could withdraw his "no contest" plea when it failed to follow the State's sentencing recommendation. To ensure that a defendant's plea is made voluntarily and knowingly, a "totality of the circumstances test" is employed. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986). "Once an accused attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal that his plea was involuntary." *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Article 26.13(d) of the Texas Code of Criminal Procedure provides that:

> [T]he court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.

*See* TEX. CODE CRIM. PROC. ANN. art. 26.13. Article 26.13 of the Texas Code of Criminal Procedure, permitting a withdrawal of a plea when the plea bargain is not followed in felony cases, is inapplicable to misdemeanor cases. *See McGuire v. State*, 617 S.W.2d 259, 262–63 (Tex. Crim. App. 1981).

The duty of a trial court to sua sponte withdraw a defendant's plea arises only if evidence that fairly raises an issue about his innocence is presented before the

5

adjudication of the defendant's guilt. *Edwards*, 921 S.W.2d at 479. Further, for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for that objection. TEX. R. APP. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996). To be timely, an objection must be raised at the earliest opportunity or as soon as the grounds for objection become apparent. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990).

There were at least three opportunities for Barnett to request to withdraw his guilty plea once the sentence was announced by the trial court: (1) when the court stated that his plea bargain would be modified; (2) when the court increased his sentence from 90 to 180 days; and (3) when the judge asked him if he had any questions about the proceeding to which he responded, "No ma'am." Although Barnett argues that there was no way that he would know that the sentence length in the plea agreement was merely a recommendation and not a binding term, the waiver he signed clearly sets forth this possibility. The waiver provided that,

> [T]he court does not have to follow this recommendation concerning my punishment. I expect the Court to ask about any plea bargaining agreement between me and the State and to tell me if it will follow this agreement before any findings on my plea . . . I understand that I could be assessed punishment . . . or confinement in the San Patricio county jail for up to 365 days.

Furthermore, the trial court was under no duty to withdraw his plea sua sponte because there was no evidence presented that raised a question as to his guilt. *See Edwards*, 921 S.W.2d at 479. As Barnett failed to timely object to the sentence, the issue was not preserved on appeal. *See Rhoades*, 934 S.W.2d at 121. We overrule this issue.

6

### III.     Conclusion

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.