

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00150-CR

CODY DEWAYNE FORTMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47199-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Cody Dewayne Fortman was charged with first-degree felony murder. *See* TEX. PENAL CODE ANN. § 19.02(c) (Supp.). Fortman waived his right to a jury trial and entered an open plea of guilty. The trial court assessed Fortman's punishment at fifty-five years' imprisonment. Fortman later moved to withdraw his guilty plea, asserting that he had made the plea under duress. The trial court denied that request. By his single issue on appeal, Fortman challenges that denial.

We affirm.

## I.     Introduction

On appeal, Fortman alleges that his counsel placed him under duress regarding his guilty plea and that the trial court bears the responsibility for the duress by not granting counsel's motion to withdraw. In other words, there are two withdrawals involved: withdrawal of counsel and withdrawal of the guilty plea. Fortman complains only of the latter, the trial court's denial of his request to withdraw his plea of guilt. The former, withdrawal of counsel, is not urged as a separate appellate issue. Rather than seeking to reverse the denial of counsel's motion to withdraw, Fortman takes that denial as a given and urges it as evidence of duress bearing on whether he should have been permitted to withdraw his plea of guilt. Hence, we look at all of this through the abuse of discretion lens regarding Fortman's withdrawal of his guilty plea.

## II.     Standard of Review

The context of the challenged ruling frames the standard of review. Here, Fortman pled guilty, the trial court accepted that plea, then Fortman attempted to withdraw his plea. "[W]here

2

the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court." *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *see Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004). "An attempt by the defendant to withdraw the plea when court reconvenes for sentencing comes too late and is addressed to the discretion of the trial court." *Odelugo v. State*, 443 S.W.3d 131, 134 n.6 (Tex. Crim. App. 2014) (quoting GEORGE E. DIX & JOHN M. SCHMOLESKY, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 40:59, at 571–72 (3d ed. 2011)).

The standard for reviewing decisions committed to the trial court's discretion is well-established. "A trial court abuses its discretion only when the decision lies 'outside the zone of reasonable disagreement.'" *Williams v. State*, 707 S.W.3d 233, 240 (Tex. Crim. App. 2024) (quoting *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005)).

## III. Applicable Law

In this case, we view the factual scope of the "zone of reasonable disagreement" through the lens of the substantive law regarding guilty pleas. *See id.*

"In pleading guilty, 'a defendant waives his federal constitutional rights against self-incrimination, the right to a speedy and public trial by jury, and the right to confrontation.'" *Ex parte Reeder*, 691 S.W.3d 628, 635 (Tex. Crim. App. 2024) (orig. proceeding) (quoting *Ex parte Barnaby*, 475 S.W.3d 316, 322 (Tex. Crim. App. 2015) (per curiam) (orig. proceeding)). "A guilty plea involves the waiver of several constitutional rights and therefore must be entered knowingly, intelligently, and voluntarily with sufficient awareness of the

3

relevant circumstances and likely consequences." *Ex parte Christian*, 714 S.W.3d 1, 5 (Tex. Crim. App. 2024) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Supp.) ("No plea of guilty . . . shall be accepted by the court unless it appears that . . . the plea is free and voluntary."). "Guilty pleas induced by threats, improper promises, or misrepresentations are not voluntarily entered." *Ex parte Christian*, 714 S.W.3d at 5 (citing *Brady*, 397 U.S. at 748). "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Ex parte Reeder*, 691 S.W.3d at 635 (alteration in original) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

The "key factor" in determining whether a plea was entered voluntarily is "whether a defendant has 'sufficient awareness of the relevant circumstances and likely consequences' such that his plea is a knowing, intelligent act." *Ex parte Christian*, 714 S.W.3d at 4 (quoting *Ex parte Barnaby*, 475 S.W.3d at 322–23 (citing *Brady*, 397 U.S. at 748)). "Voluntariness is determined by considering all of the relevant circumstances surrounding a guilty plea." *Id.* (citing *Brady*, 397 U.S. at 749). "In considering the voluntariness of a guilty plea, the record should be examined as a whole." *Ex parte Barnaby*, 475 S.W.3d 316, 323 (Tex. Crim. App. 2015) (per curiam) (orig. proceeding) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam)).

"A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily." *Martinez*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam); *see Flores-Alonzo v. State*, 460 S.W.3d 197, 201 (Tex. App.—

4

Texarkana 2015, no pet.). Fortman concedes that he was properly admonished by the trial court. Thus, the burden shifted to Fortman to "demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Martinez*, 981 S.W.2d at 197; *see Flores-Alonzo*, 460 S.W.3d at 201. "A defendant who attests that he understands the nature of his plea and that his plea was voluntary carries a 'heavy burden' on appeal to show that his plea was involuntary." *Mason v. State*, 527 S.W.3d 505, 509 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (quoting *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.)).

## IV. Analysis

The trial court made an informed judgment regarding Fortman's assertion that his guilty plea was the result of duress. For reasons set forth below, we find no abuse of discretion in the trial court's ruling.

To begin with, Fortman was properly admonished. On June 22, 2022, Fortman signed and initialed a document titled "Plea of Guilty, Admonishments, Voluntary Statements, Waivers, Stipulation and Judicial Confession." By his signature and initials there, Fortman acknowledged, among other things, that he understood that he had a right to trial by jury, and he waived that right; that he admitted and judicially confessed that he committed murder; that he was pleading guilty because he was guilty and for no other reason; and that his plea was "entered freely and voluntarily, and without any coercion, duress or promise of benefit." Further, Fortman's hired counsel signed the document, as well, averring that he had "fully consulted with [Fortman]" and "believe[d] [Fortman was] mentally competent, underst[oo]d the admonishments, [wa]s aware of

5

the consequences of the plea, and [wa]s freely, voluntarily, knowingly and intelligently entering his/her plea of guilty." The trial court reviewed Fortman's signatures and initials with him in open court, page by page, concluding with, "Have you been able to read and understand all the documents you've signed in court today?" Fortman answered, "Yes, sir."

The trial court then took Fortman's open plea of guilt:

> THE COURT: Are you pleading "guilty" to this offense because you are guilty and for no other reason?
>
> [(FORTMAN)]: Yes, sir.
>
> THE COURT: Nobody is making you do this, are they?
>
> [(FORTMAN)]: No, sir.
>
> . . . .
>
> THE COURT: And you're telling me you're guilty of this offense?
>
> [(FORTMAN)]: Yes, sir.

In that same hearing, the trial court found Fortman's plea to have been made knowingly, intelligently, and voluntarily. On June 22, 2022, the trial court accepted Fortman's plea of guilt.

Though represented by counsel, Fortman filed a pro se motion to withdraw his plea of guilt. That motion was subsequently urged by his trial counsel.

On June 4, 2024, the trial court heard Fortman's motion to withdraw his guilty plea. At that hearing, the trial court took judicial notice of all that had gone before. That notice encompassed hearings on January 11, 2019; April 20, 2020; April 22, 2021; June 2, 2021,

6

January 28, 2022; February 7, 2022; June 8, 2022;[1] June 10, 2022 (this hearing was held by Judge Brabham, a retired judge of the trial court); June 22, 2022; March 30, 2023; April 24, 2023; February 15, 2024; and March 21, 2024. The case spent a considerable amount of time on the trial court's docket for several reasons. The plea negotiations in this case were interrelated with matters including an investigation of Fortman in another county and a new charge against Fortman ("I understand I did pick up a new charge."). The discussion at the June 8, 2022, hearing dealt with both the new charge (an indictment for witness tampering in Gregg County) as well as an ongoing witness tampering investigation in Smith County,[2] and how those would impact plea negotiations and trial preparation in the Gregg County murder case, the case at issue in this appeal. The parties informed the trial court that a previously contemplated plea had "kind of fallen apart" and that ongoing plea negotiations were fluid, stating, "The number moved around a lot."

At the hearing on June 4, 2024, the trial court demonstrated familiarity with the particulars of Fortman's case. For his part, Fortman expressed dissatisfaction with his legal representation at the time of the guilty plea, going so far as to state, "I feel like I have a better chance representing myself than him representing me." Fortman asserted that he pled guilty because he felt pressured to do so because of his attorney's poor lawyering and stated, "So I had to go -- I had to plea. . . . I mean, that's the basics of -- that is the basics of the situation or

---

[1]The hearing on June 8, 2022, concerned the motion to withdraw by Fortman's retained counsel. Fortman stated that he had been dissatisfied with his retained counsel for years and had intentions to hire a new attorney. As of the eve of trial, though, Fortman had not done so. The trial court told Fortman that he would allow Fortman to represent himself or hire a new attorney, but that the trial date of June 20, 2022, would not be continued.

[2]Fortman's attorney learned of the existence of the Smith County investigation via discovery regarding the Gregg County tampering charge.

overall." On cross-examination, Fortman acknowledged that he was dissatisfied with counsel at the time of his guilty plea. On questioning by the trial court, Fortman acknowledged that, at his plea hearing, the trial court asked him several questions that gave him the opportunity to say that he did not want to plead guilty. At the plea hearing, the trial court asked Fortman, "Did you ever once in that hearing say: You didn't want to do this, or you were being forced to do it?" Fortman answered, "No, sir," and acknowledged that he repeatedly assured the trial court that his plea was voluntary.

Fortman complains on appeal of "pressure and misrepresentation" regarding plea negotiations. Following his guilty plea, Fortman was offered a deal of thirty years for all charges. Fortman was asked, "So it's your desire to reject the 30-year offer and proceed to sentencing on August 5th. Is that correct?" Fortman rejected that offer by responding, "Yes, ma'am." Fortman stated he wanted to proceed to sentencing with his new counsel; he did not want to represent himself. The trial court then questioned Fortman to make sure that he understood that once the deal was rejected, the full punishment range for the murder charge was on the table, the State could pursue the other charges separately, and the sentences for those charges could be consecutive. Fortman said that he understood all of that, but he still wanted to reject the offer of thirty years for all charges. Thereafter, the trial court sentenced Fortman to fifty-five years on the murder charge.

In view of the entire record, Fortman's assertions of dissatisfaction with counsel did not meet his "heavy burden" of showing that his plea of guilty was involuntary. The trial court's

decision to deny Fortman's request to withdraw his guilty plea was not outside the zone of reasonable disagreement.

## V.    Conclusion

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:    February 27, 2025
Date Decided:    August 11, 2025

Do Not Publish