David Andrew LOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48259.

Court of Criminal Appeals of Texas.

March 13, 1974.

W. John Allison, Jr., Dallas, for appellant.

Henry Wade, District Atty., and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant entered a plea of guilty before a jury and was convicted for robbery by assault; the punishment, imprisonment for seventy-five years.

The appellant asserts in his only ground of error that he was not properly admonished as to the consequences of his plea of guilty as required by Article 26.13, Vernon's Ann.C.C.P.

Specifically, his objection is that the admonishment was not sufficient because the trial judge did not state to him *what offense he was charged with having committed* at the time he was admonished. No other objection to the admonishment is made.

The record shows that immediately prior to the admonishment being given the Court had directed the appellant to stand and asked the prosecutor to read the indictment. The court reporter's notes state the indictment was read in its entirety.

Although it might be the better practice to specifically name the offense when stating the range of punishment while admonishing a defendant, in the circumstances of this case it is inconceivable that the appellant, who had the advice of counsel and to whom the entire indictment had just been read immediately preceding the admonishment, could have been misled or prejudiced in any way. We overrule the appellant's ground of error.

The judgment is affirmed.

Opinion approved by the Court.