**Jesus GONZALES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–94–090–CR.**

Court of Appeals of Texas,
Fort Worth.

June 1, 1995.

**820**

Mary B. Thornton, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, Mary C. Galus, Bill Durkin, John A. Stride, Asst. Dist. Attys., Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Upon his plea of guilty, Appellant was convicted of the offense of aggravated possession of a controlled substance, namely, cocaine, of more than twenty-eight grams but less than four hundred grams. TEX.HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 1992). There being no plea bargain agreement, the trial judge accepted Appellant's plea of guilty and sentenced him to forty-eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In a single point of error, Appellant complains that, although the trial court admonished him in writing of the consequence of a plea of guilty or nolo contendere for a noncitizen of the United States, the written admonishment was insufficient. We do not agree with Appellant's contention. The judgment of the trial court is affirmed.

Appellant does not contest the sufficiency of the evidence nor the seizure of the two hundred thirty-eight grams of cocaine that he dropped and spilled onto the sidewalk while he was speaking with Fort Worth Police Officer Buchholtz. Consequently, it is not necessary to discuss the facts of this case or the seizure of the controlled substance.

Appellant, represented by counsel, entered his plea of guilty by signing a written form that contained the statutory admonishments, the statement that he understood the admonishments, waivers of the constitutional and statutory rights, and a judicial confession. In his brief, Appellant claims that the record of admonishments given him by the trial court at the time of his plea of guilty was devoid of any oral admonishment concerning the consequence of a plea of guilty if he were not a citizen of the United States.

Article 26.13(a)(4) Texas Code of Criminal Procedure requires that:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

. . . .

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989).

Article 26.13(d) of the Code of Criminal Procedure provides:

> The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.

TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989).

The court admonished Appellant in writing in the "Written Plea Admonishments On Open Plea To Court:"

> CITIZENSHIP: If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in your deportation, exclusion from admission to this country or denial of naturalization under federal law.

The written plea documents were signed by Appellant and his counsel, acknowledging that Appellant understood the admonitions and was aware of the consequences of his plea.

In addition to providing the written plea admonishments, the careful trial judge also verified that Appellant understood the written plea admonishments. He specifically inquired whether Appellant read English. Appellant answered that he did not. The court then asked if his counsel had read the plea documents to him. Appellant answered affirmatively. The trial judge then asked whether Appellant had understood everything trial counsel had read to Appellant, and Appellant answered that he had. Then the trial judge asked whether Appellant had any questions about the plea documents at all. Appellant answered "No." Then the court inquired into Appellant's ability to understand spoken English and again asked whether Appellant had understood everything the court had said to him. Appellant responded affirmatively to both inquiries. The trial court then asked Appellant again whether he had any questions about the plea admonishments. Appellant answered "No."

 Appellant unequivocally stated that he understood the admonishments. No ob-

jection was made to the admonishments, either as to the form of the admonishment or the wording of the admonishment. Neither trial counsel nor Appellant suggested Appellant did not understand the admonishments. Neither trial counsel nor Appellant asked that the admonishments be read out loud to Appellant. There was no indication from any source that Appellant's plea was in any way involuntary.

There is no requirement to verbally inquire about the voluntariness of a plea after a defendant and trial counsel have signed the written waiver and the judge has established that Appellant has read and understood the waivers. *Smith v. State,* 853 S.W.2d 140, 141 (Tex.App.—Corpus Christi 1993, no pet.); *Rodriguez v. State,* 850 S.W.2d 603, 607 (Tex.App.—El Paso 1993, no pet.).

Appellant was properly admonished pursuant to article 26.13(a)(4) of the Code of Criminal Procedure. Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.