Opinion issued November 1, 2007















Opinion issued November 1, 2007

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-01006-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROLAND ROMAN CRUZ, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1055802

 








 



MEMORANDUM OPINION

 

Appellant Roland Roman Cruz pleaded
guilty to the first-degree felony offense of aggravated robbery without an
agreed punishment recommendation from the State.  See Tex. Pen. Code Ann. § 29.03 (Vernon
2003).  The trial court assessed
punishment at ten years’ confinement, a $10,000 fine, and $4,000 in restitution.  In two issues, Cruz contends that (1) his
guilty plea was involuntary, and (2) the trial court violated his right to
defense counsel of his choice.  We
affirm.

Background

The record in this case does not
contain a reporter’s record.  Cruz’s indictment
charges Cruz with “unlawfully, while in the course of committing theft of
property owned by JEFFREY NEWMAN and with intent to obtain and maintain control
of the property, intentionally, knowingly and recklessly caus[ing] serious
bodily injury to Jeffrey Newman, by STRIKING THE COMPLAINANT WITH THE
DEFENDANT’S HAND” and by “KICKING THE COMPLAINANT WITH THE DEFENDANT’S FOOT.”

Voluntariness of Plea

In his first issue, Cruz contends
that the record does not sufficiently demonstrate that he entered his guilty
plea voluntarily and intelligently as required by the Fourteenth Amendment of
the United States Constitution.  See U.S. Const. amend. XIV, § 1.   

“The waiver of the right to a plea of not guilty
is surrounded by procedural protections both constitutional and statutory.”  Mendez v. State, 138 S.W.3d 334, 344 (Tex.
Crim. App. 2004).  The constitutional
rights a defendant waives by pleading guilty are the privilege against
compulsory self-incrimination, the right to trial by jury, and the right to
confront one’s accusers.  Boykin v. Alabama, 395 U.S.
238, 243, 89 S. Ct. 1709, 1712–13 (1969); Gardner v. State, 164 S.W.3d 393, 399 (Tex.
Crim. App. 2005).  Due process
of law requires that “[w]aivers of constitutional rights not
only must be voluntary but must be knowing, intelligent acts done with
sufficient awareness of the relevant circumstances and likely consequences.”  Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463,
1469 (1970); Mendez, 138 S.W.3d at 344.  Trial courts must also ensure that a
defendant who pleads guilty “has a full understanding of what the plea connotes
and of its consequence.”  Boykin, 395 U.S. at 243–44, 89 S. Ct. at
1712–13.  Furthermore, the record must
affirmatively demonstrate that a defendant who pleaded guilty entered his plea
knowingly and voluntarily.  Brady, 397 U.S. at 747 n.4, 90 S. Ct. at
1468 n.4; Boykin, 395 U.S.
at 242, 89 S. Ct.
at 1712; Aguirre-Mata v. State, 125
S.W.3d 473, 474–75 (Tex. Crim. App. 2003). 

In assessing the voluntariness of a plea, we review the record as a whole
and consider the totality of the circumstances.  Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Lee v. State, 39 S.W.3d 373, 375 (Tex. App.—Houston
[1st Dist.] 2001, no pet.); Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  A trial court may accept a guilty
plea only if the defendant enters it freely and voluntarily.  Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon
Supp. 2006).  A court’s
failure to make an adequate record showing that the defendant entered the guilty
plea voluntarily and intelligently requires reversal.  Aguirre-Mata,
125 S.W.3d at 475.  

An admonishment on punishment is prima facie
evidence that a plea was knowing and voluntary.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App. 1998); Lee, 39 S.W.3d
at 375.  The burden then shifts to the
defendant to show that he entered the plea without
understanding its consequences.  See Tex. Code
Crim. Proc. Ann. art.
26.13(c) (“In admonishing the defendant as herein
provided, substantial compliance by the court is sufficient, unless the
defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment of the court.”);
Martinez, 981 S.W.2d at 197; Lee, 39 S.W.3d at 375.  “A
defendant’s attestation of voluntariness at the original plea hearing imposes a heavy burden on the defendant at a
later hearing to show a lack of voluntariness.”  Dusenberry v. State, 915 S.W.2d 947, 949 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d); accord Edwards, 921 S.W.2d at 479.  There is also a
presumption of regularity of the judgment and the proceedings absent a showing
to the contrary, and the burden is on the defendant to overcome this
presumption. Light v. State,
15 S.W.3d 104, 107 (Tex. Crim. App.
2000); Ex parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim.
App. 1986); Lee,
39 S.W.3d at 375; Dusenberry, 915
S.W.2d at 949.  If the defendant and trial counsel have signed written
admonishments, statements, or waivers, and the court has established that the
defendant has read and understood them, then the trial court need not orally
inquire about voluntariness of a plea.  See Tex. Code Crim. Proc. Ann. art. 26.13(d) (“If the court makes the admonitions in writing, it must
receive a statement signed by the defendant and the defendant’s attorney that he
understands the admonitions and is aware of the consequences of his plea.”);
Pena v. State, 132 S.W.3d 663, 668
(Tex. App.—Corpus Christi 2004, no pet.); Lee, 39 S.W.3d at 375 n.1; Edwards, 921 S.W.2d at 479; Gonzales v.
State, 899 S.W.2d
819, 821 (Tex. App.—Fort Worth 1995, pet. ref’d); Rodriguez v. State, 850 S.W.2d 603, 607
(Tex. App.—El Paso 1993, no pet.).

Here, Cruz signed
admonishments recognizing that (1) he was charged with the felony offense of
aggravated robbery, (2) he faced the first-degree felony maximum punishment
range of life imprisonment and no less than five years in prison, (3) he was
mentally competent, (4) he understood the nature of the charge against him, (5)
he understood the admonishments, (6) he fully understood the consequences of
his plea,
(7) he understood English, and (8) his plea was freely, knowingly, and
voluntarily made.  Cruz further waived
his right to have the trial court admonish him orally, and his right to have a
court reporter record his plea.  The
record thus contains prima facie evidence that Cruz entered his plea knowingly
and voluntarily.[1]  See
Martinez, 981 S.W.2d at 197; Lee, 39 S.W.3d at 375.  Hence, the burden shifts to Cruz to show that he
did not understand the consequences of his guilty plea.  See
Martinez, 981 S.W.2d at 197; Lee, 39 S.W.3d at 375.

Cruz contends that his guilty plea was
involuntary because his motion for community supervision—filed the same day as
his guilty plea—indicates that he believed the State had charged him with
aggravated assault instead of aggravated robbery.  In the motion for community supervision, Cruz
wrote “Aggravated Assault” in the space provided for a defendant to specify the
offense with which he is charged.  

A grand jury indicted Cruz for
aggravated robbery on February 28, 2006, almost five months before his guilty
plea.  The record contains six agreed
settings, signed by Cruz and his counsel, that all indicate that Cruz was
charged with aggravated robbery.  The
admonishments form and judicial confession that Cruz signed both indicate that the
State had charged Cruz with aggravated robbery.  The admonishments form includes a paragraph
that states that aggravated robbery is a first-degree felony punishable by “a
term of life or any term of not more than 99 years or less than 5 years in the
Institutional Division of the Texas Department of Criminal Justice, and, in addition,
a fine not to exceed $10,000.00 may be assessed . . . .”  The admonishments
form instructed Cruz to initial each item if he fully understood it; Cruz
initialed the paragraph explaining the punishment range for a first-degree
felony.  Cruz also initialed the
paragraphs stating that he fully understood both the nature of the charge
against him and the consequences of his plea, and that he was pleading guilty
freely and voluntarily.  The record
therefore demonstrates that the trial court fully admonished Cruz as to the
consequences of 

his guilty plea to aggravated
robbery.  The fact that Cruz asked
the court to consider community supervision noting that he was charged with aggravated
assault does not indicate that Cruz did not understand the consequences of his
guilty plea when he executed his plea documents, which set forth the charge of
aggravated robbery.  As such, Cruz has failed to
demonstrate that his plea was involuntary.  See State
v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999)
(“Generally, a guilty plea is considered voluntary if the defendant was made
fully aware of the direct consequences.”); Garcia v. State, 877 S.W.2d 809, 812 (Tex. App.—Corpus
Christi 1994, pet. ref’d).  

Cruz also contends that his plea was involuntary
because the admonishments form and guilty plea contain errors that make them
misleading.  Specifically, Cruz asserts
that (1) the admonishments form cites a nonexistent provision of the Texas Code
of Criminal Procedure, (2) the admonishments form mentions community
supervision even though Cruz was not eligible for community supervision, and
(3) the admonishments form and guilty plea refer to a plea bargain that did not
exist because Cruz pleaded guilty without an agreed recommendation.  

First, while the admonishments form incorrectly
cites to article 42.12, section “3d(a)” of the Texas Code of Criminal Procedure
as the statute that allows a court to grant deferred adjudication, Cruz fails
to demonstrate how he was misled by this citation error, since the
admonishments state the law of deferred adjudication correctly.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 5 (Vernon 2006).  Second, the
admonishment initialed by Cruz acknowledges that he understands that the Court
may place him on deferred adjudication, which is a form of community
supervision Cruz could receive for aggravated robbery.  Third, Cruz has failed to demonstrate that
the reference to a plea bargain in the plea documents, stated conditionally,
caused him to misunderstand the consequences of his plea.  See
Brown v. State, 943 S.W.2d 35, 42 (Tex.
Crim. App. 1997) (“We have held that misinformation concerning a matter, such
as probation, about which a defendant is not constitutionally or statutory [sic]
entitled to be informed, may render a guilty plea involuntary if the defendant
shows that his guilty plea was actually induced by the misinformation.”).

Article 26.13(c) of the Texas Code of Criminal
Procedure expressly provides that “[i]n admonishing the defendant as herein
provided, substantial compliance by the court is sufficient, unless the
defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment of the court.”  Tex.
Code Crim. Proc. Ann. art. 26.13(c). 
Cruz
has produced no evidence affirmatively demonstrating how the alleged
discrepancies in his plea documents caused him to misunderstand the
consequences of his plea.  See Tex. Code
Crim. Proc. Ann. art.
26.13(c); Jimenez, 987 S.W.2d
at 888; Martinez, 981
S.W.2d at 197; Brown, 943 S.W.2d at 42; Ramirez v. State, 89 S.W.3d 222, 229 (Tex.
App.—Corpus Christi 2002, no pet.); Lee, 39 S.W.3d
at 375.  Cruz has therefore failed to
demonstrate that any errors in the plea documents rendered his plea
involuntary.  See Aguirre-Mata, 125 S.W.3d at 476–77 (holding
that error in admonishments regarding correct punishment range did not render
guilty plea involuntary); Brown, 943 S.W.2d at 42 (holding that defendant failed to
demonstrate that trial court’s failure to admonish him on law of deferred
adjudication affected his guilty plea).  Accordingly, we hold that Cruz has not met his
burden of overcoming the presumption of regularity of the judgment and
proceedings and has failed to demonstrate that his plea was involuntary.  See Jimenez, 987 S.W.2d at 888; Brown, 943 S.W.2d at
42; Lee, 39 S.W.3d at 375–76; Dusenberry, 915 S.W.2d at
949.

Choice of Counsel

          In his second issue, Cruz contends that the trial court violated his right to
his choice of defense counsel.  The trial
court initially appointed Jim Barr to represent Cruz in this case.  Barr appeared on behalf of Cruz on one
occasion and signed an agreed setting. 
After the grand jury indicted Cruz for aggravated robbery, an attorney
named J.W. Dedrick appeared on Cruz’s behalf. 
Three months later, Cruz posted bond and the trial court ordered Cruz to
hire an attorney by the next court setting. 
Dedrick continued to represent Cruz and acted as Cruz’s attorney when he
pleaded guilty.  The record does not
contain a motion to substitute counsel, a motion to withdraw as counsel, an
order allowing Barr to withdraw, or an order appointing Dedrick as Cruz’s
counsel.  The record contains no
explanation of how or why Dedrick came to represent Cruz.  

The United States Supreme Court has
held that “the right of a defendant who does not require appointed counsel to
choose who represents him” is an element of the Sixth Amendment right to
counsel in criminal prosecutions.  United
 States v. Gonzalez-Lopez, --- U.S.
----, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).   “Where the right to be assisted by counsel of
one’s choice is wrongly denied . . . it is unnecessary to conduct an
ineffectiveness or prejudice inquiry to establish a Sixth Amendment
violation.”  Id.
at 2563.  The erroneous deprivation of
the right to counsel of choice is a structural error, meaning it defies
analysis by harmless-error standards.  Id. at 2564.  Furthermore, once a
court appoints an attorney to represent a defendant and an attorney-client
relationship is formed, this relationship is no less inviolate than if counsel
had been retained.  Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992)
(orig. proceeding); Stearnes v. Clinton,
780 S.W.2d 216, 221–22 (Tex. Crim. App. 1989) (orig. proceeding).  The trial court must have some principled
reason to justify the replacement of appointed counsel.  Buntion,
827 S.W.2d at 949.

Appellate courts, however, “must
indulge every presumption in
favor of the regularity of the proceedings and documents” in the trial
court.  McCloud v. State, 527 S.W.2d 885, 887 (Tex. Crim.
App. 1975); see also Wilson, 716 S.W.2d at 956; Disheroon v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985); Murphy
v. State, 95 S.W.3d 317, 320 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d); Christian v. State, 865 S.W.2d
198, 202 (Tex. App.—Dallas 1993, pet. ref’d); but see
Goffney v. State,
843 S.W.2d 583, 585 (Tex. Crim. App. 1992) (refusing to apply presumption of
regularity to waiver of right to counsel recited in judgment).  The presumption of regularity is a judicial
construct that requires a reviewing court, “absent evidence of impropriety,” to indulge every presumption in favor
of the regularity of the trial court’s judgment.  Light, 15 S.W.3d at 107.  “The burden is on the appellant to overcome the presumption
of regularity of the judgment and the proceedings.”  Lee, 39 S.W.3d at 375; accord Dusenberry, 915 S.W.2d at 949.  

The record in this case contains no indication
that the trial court interfered with Barr’s representation of Cruz, or that the
trial court replaced Barr with Dedrick as Cruz’s appointed counsel over Cruz’s
objection or for an improper reason.  Cruz has
therefore failed to overcome the presumption of regularity in the trial court’s
proceedings.  See Lee, 39
S.W.3d at 375; Dusenberry, 915 S.W.2d
at 949.  We cannot conclude
that the trial court deprived Cruz of his Sixth Amendment right to defense
counsel of his choice because the record contains no evidence that the trial
court replaced Barr with Dedrick without a principled reason to justify the
replacement.  See Light, 15 S.W.3d at 107; Wilson,
716 S.W.2d at 956; Murphy, 95 S.W.3d at 320; Lee, 39 S.W.3d at 375; see
also Gonzalez-Lopez, 126 S. Ct. at 2561; Buntion, 827 S.W.2d at 949; Stearnes, 780 S.W.2d at 221–22.

Conclusion

          We
hold that (1) Cruz has failed to demonstrate that his guilty plea was
involuntary, and (2) that the record contains no evidence that the trial court
violated Cruz’s right to defense counsel of his choice.  We therefore affirm the judgment of the trial
court.  

 

 

                                                                             Jane Bland

                                                                             Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  See
Tex. R. App. P. 47.2(b).











[1] The trial court established
that Cruz read and understood the written admonishments and waivers that he
signed.  See Edwards v. State, 921 S.W.2d 477, 479 (Tex.
App.—Houston [1st Dist.] 1996, no pet.); Gonzales v. State, 899 S.W.2d 819, 821 (Tex.
App.—Fort Worth 1995, pet. ref’d).  The court also made the following written statement
on Cruz’s guilty plea:

 

This document was executed by the
defendant, his attorney, and the attorney representing the State, and then
filed with the papers of the case.  The
defendant then came before me and I approved the above and the defendant
entered a plea of guilty.  After I
admonished the defendant of the consequences of his plea, I ascertained that he
entered it knowingly and voluntarily after discussing the case with his
attorney.  It appears that the defendant
is mentally competent and the plea is free and voluntary.  I find that the defendant’s attorney is
competent and has effectively represented the defendant in this case.  I informed the defendant that I would not
exceed the agreed recommendation as to punishment.