**AFFIRM; Opinion issued January 31, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01430-CR

### CEDRIC HARRIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F09-40745-L**

# MEMORANDUM OPINION

Before Justices Francis, Murphy, and Evans[1]
Opinion By Justice Murphy

Cedric Harris waived a jury trial and entered an open plea of guilty to the offense of aggravated assault with a deadly weapon, a knife. *See* TEX. PENAL CODE ANN. §§ 22.01(a), 22.02(a)(2) (West 2011). The trial court accepted appellant's plea, placed him on deferred-adjudication community supervision for a period of ten years, and assessed a $1,000 fine. The trial court also ordered appellant to serve fifty days in jail as a condition of his community supervision. In two points of error, appellant complains about the voluntariness of his plea and ineffective assistance of counsel. We affirm.

---

[1] The Honorable Joseph Morris, Retired Justice, was a member of the Panel at the time this case was submitted. Due to his retirement from this Court on December 31, 2012, he did not participate in deciding the case. He was replaced on the panel by Justice David Evans. *See* TEX. R. APP. P. 41.1(a).

## Appellant's Guilty Plea

Appellant argues in his first point of error that he was denied due process when the trial court accepted his guilty plea without fully admonishing him or ascertaining whether he was competent to stand trial.

No plea of guilty "shall be accepted by the trial court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2012); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) (to be constitutionally valid, a guilty plea must be voluntary, knowing, and intelligent act, "done with sufficient awareness of the relevant circumstances and likely consequences"); *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003) ("The conviction of an accused person while he is legally incompetent violates due process."). That is because a defendant who enters a guilty plea not only is admitting he committed the acts as charged in the indictment but also is waiving certain constitutional rights, including the privilege against self-incrimination, the right to a trial by jury, and the right to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Anderson v. State*, 182 S.W.3d 914, 917 (Tex. Crim. App. 2006). To determine the voluntariness of appellant's guilty plea, we examine the entire record and consider all of the relevant circumstances surrounding it. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam); *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.).

### *Admonitions*

Appellant first argues that his due process rights were violated because he was not "fully admonished" by the trial court. Due process requires, among other things, that a defendant who pleads guilty be fully aware of certain consequences of his plea. *Anderson*, 182 S.W.3d at 917–18. This constitutional standard requires the court to admonish the defendant on those direct

consequences that are punitive in nature or specifically enunciated in article 26.13(a) of the Texas Code of Criminal Procedure. *See id.* at 918; *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)–(5). Article 26.13(a) lists five admonitions, which may be made by the court either orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)–(5), (d). For written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.* art. 26.13(d). A court's admonition that substantially complies with article 26.13(a) is sufficient. *Id.* art. 26.13(c).

The presence of article 26.13 admonitions in the record creates a prima facie showing that substantial compliance occurred and that the plea was both knowing and voluntary. *Martinez*, 981 S.W.2d at 197; *Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.). The defendant may rebut the prima facie showing by evidence grounded in the record that he pleaded guilty without understanding the consequences of his plea and consequently suffered harm. TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Grays*, 888 S.W.2d at 878.

The record here shows that before the hearing during which appellant entered his open plea of guilty, appellant and his attorney signed two documents. The first document was a judicial confession in which appellant expressly waived certain constitutional rights and affirmed the allegations against him were true and correct. Appellant further stated he committed the charged offense "exactly as alleged in the indictment in this cause." The judicial confession was sworn to, signed by the prosecutor and trial court, and admitted into evidence at the open plea hearing.

The second document was a plea agreement in which appellant acknowledged he was waiving his right to a jury trial and entering a plea of guilty. That document contained a section titled "COURT'S ADMONITIONS TO DEFENDANT" in which the trial court delivered the

applicable article 26.13(a) admonitions. The section contained additional admonitions from the court, including the warning that if appellant were to receive adjudicated community supervision and violated its conditions, he could be arrested and subjected to a hearing to adjudicate his guilt; if guilt were adjudicated, the full range of punishment would be open to the court.

The court's written admonitions were followed by a section titled "DEFENDANT'S STATEMENTS AND WAIVERS" in which appellant stated he was the person accused in the charging instrument and mentally competent. He signed the document, acknowledging he understood the charge against him, the range of punishment for the offense, the consequences of his guilty plea, and the rights he was waiving by pleading guilty. Appellant also acknowledged that his attorney explained to him, and that he read and understood, the court's admonitions and warnings regarding his rights and plea. He stated the waivers were "knowingly, freely, and voluntarily made with full understanding of the consequences." Above his attorney's signature, there was a statement that his attorney "consulted with [appellant], whom [he] believe[d] to be competent, concerning the plea in this case and have advised [him] of [his] rights." The plea agreement also was signed by the prosecutor and the trial court and filed with the district court clerk.

The trial court held the open plea hearing on the same day the above documents were signed. At the beginning of the hearing, the court asked appellant if he had "gone over all the papers that [he] signed with [his] attorney" and whether he understood "all the rights that [he has] in court." Appellant answered "Yes" to both questions. Appellant's attorney then stated appellant was waiving arraignment and a trial by jury and was entering "a plea of guilty to the indictment, as charged." The court asked appellant if this was his plea, and appellant again answered "Yes."

After hearing argument on the open plea, the trial court found that appellant's plea was "freely and voluntarily made and that [he was] competent to make that plea." The court added that

–4–

"due to the work of [his] attorney," it was going to place appellant "on a ten-year deferred adjudicated probation." The court also ordered appellant to pay a $1,000 fine and spend fifty days in the Dallas County jail, to be served five days at a time each year for the next ten years, "as a reminder."

Appellant contends that although the trial court's written admonitions "would normally suffice," the admonitions here were not sufficient because the plea agreement did not "provide either what offense the document relates to nor the date when the alleged offense occurred." He further claims that because defense counsel did not call him to testify, the record does not show that he understood the admonitions or that defense counsel had gone over them in a meaningful way.

Appellant points to nothing in the record to show that he was confused about what offense he was pleading guilty to, that he did not understand the court's admonitions, or that defense counsel had not discussed the admonitions with him. To the contrary, the record shows appellant was aware of the charge against him and that he understood his actions and the consequences of his plea. Appellant signed the judicial confession and plea agreement on the same day. The judicial confession provides the cause number for the case, states the date of the offense, and details the charge against him using the indictment language. Appellant confessed in that document that he committed the charged offense "exactly as alleged in the indictment." The plea agreement contains the same cause number; although it does not state the offense to which appellant was charged, appellant expressly acknowledged that he was the "accused in the charging instrument" and understood the "nature of the accusation made against" him. Appellant also agreed he read and understood his rights and the consequences of his plea and that his attorney explained to him the court's admonitions and warnings. Appellant's attorney signed a representation that he consulted with appellant about the plea and appellant's rights.

When, as here, a defendant attests that he understood the nature of his plea and that it was voluntary, he has a heavy burden on appeal to show that his plea was involuntary. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) ("A defendant's sworn representation that his guilty plea is voluntary 'constitute[s] a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The trial court's written admonitions, coupled with appellant's assurances in the plea agreement and at the open plea hearing concerning his understanding of the consequences of his plea, create a prima facie showing that appellant entered his plea knowingly and voluntarily. *See Martinez*, 981 S.W.2d at 197; *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd). Nothing in this record suggests appellant entered his guilty plea without understanding the charge against him or the consequences of his actions. *See, e.g., Logan v. State*, 506 S.W.2d 593, 594 (Tex. Crim. App. 1974) (noting it was "inconceivable that the appellant, who had the advice of counsel and to whom the entire indictment had just been read immediately preceding the admonishment, could have been misled or prejudiced in any way"). Nor does the record show appellant was harmed or misled as a result of any missing information on a plea document. Consequently, appellant has not carried his heavy burden of demonstrating his guilty plea was involuntary. *See Kniatt*, 206 S.W.3d at 664; *Kirk*, 949 S.W.2d at 771.

### Mental Competence

Appellant also complains the trial court denied him due process when it accepted his guilty plea without inquiring about his competence. A defendant is incompetent to stand trial if he lacks sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational, as well as factual, understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006).

–6–

Appellant did not argue in the trial court, nor does he appear to argue on appeal, that he was mentally incompetent at the time he entered his guilty plea. Rather, he complains of the trial court's failure to "ascertain that he was competent to stand trial." But "unless an issue is made of an accused's present insanity or mental competency at the time of the plea[,] the court need not make inquiry or hear evidence on such issue," and it is not error to accept the guilty plea. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); *Ducker*, 45 S.W.3d at 796; *Manoy v. State*, 7 S.W.3d 771, 777 (Tex. App.—Tyler 1999, no pet.); *cf. Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009) (trial court need not inquire about defendant's mental competence unless evidence is sufficient to create bona fide doubt in trial court's mind about defendant's legal competence). This is particularly true when the court had an opportunity to observe the defendant in open court, hear him speak, observe his demeanor, and engage him in colloquy as to the voluntariness of his plea. *Kuyava*, 538 S.W.2d at 628. In addition, there is no requirement that a trial court verbally inquire about a defendant's competence after a defendant and his attorney sign written representations of competence. *See Gonzales v. State*, 899 S.W.2d 819, 821 (Tex. App.—Fort Worth 1995, pet. ref'd); *Rodriguez v. State*, 850 S.W.2d 603, 607 (Tex. App.—El Paso 1993, no pet.).

The written plea documents here contain affirmative statements by both appellant and his attorney that appellant was mentally competent and understood the charge against him. At the plea hearing, the trial court insured appellant had discussed the plea papers with his attorney and that he understood his rights. The trial court also had an opportunity to observe appellant during the open plea hearing; appellant's answers to questions posed by the trial court were polite and responsive. The trial court, while finding appellant's plea of guilty was voluntarily made, also found appellant to be "competent to make that plea." The trial court was entitled to rely on the written representations of competence made in the plea papers, and because there is nothing in the record

to suggest appellant did not have sufficient present ability to consult meaningfully with his attorney or understand the proceeding against him, it was not error for the trial court to accept the guilty plea.

We conclude the trial court did not violate appellant's right to due process when it accepted his guilty plea. We overrule appellant's first point of error.

### Ineffective Assistance of Counsel

Appellant claims in his second point of error that he received ineffective assistance of counsel because his attorney failed to establish that appellant agreed to or understood his plea, failed to establish that appellant was competent, and advised him to plead guilty to an offense which had an "inherent problem of proof." On the latter argument, he points to a statement made in the police report that the complaining witness "never saw the knife blade." Appellant contends counsel argued this fact only as a reason for the trial court to assess a more lenient sentence instead of challenging the proof of the offense.

To prevail on an ineffective assistance claim, appellant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009); *see also Riley v. State*, 378 S.W.3d 453, 456 n.5 (Tex. Crim. App. 2012). A defendant's failure to satisfy one prong negates the need to consider the other prong. *Strickland*, 466 U.S. at 697; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

Regarding appellant's contentions that his trial attorney was ineffective because his attorney did not establish he understood his plea or was competent, we have concluded the record shows appellant entered his guilty plea knowingly and voluntarily. This conclusion is supported by appellant's affirmative representations in the signed plea documents that he was competent and

understood the charge against him, his rights, and the consequences of his plea. Appellant also affirmed at the plea hearing that his attorney reviewed the plea documents with him and that he understood his rights. Thus, we cannot conclude these allegations raise an issue that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88.

Regarding appellant's contention that his attorney advised him to plead guilty instead of "challenging the proof," the record is insufficient to support a conclusion that appellant received ineffective assistance of counsel on this basis. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003). An allegation of ineffective assistance of counsel will be sustained only if it is firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Lopez*, 343 S.W.3d at 142. Without evidence of counsel's considerations, we will presume sound trial strategy, and we will not conclude counsel's performance was deficient unless the conduct was so outrageous that no competent attorney would have engaged in it. *Lopez*, 343 S.W.3d at 142; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The record is silent as to counsel's strategy or reasoning related to the State's proof of the aggravated assault charge. Although appellant filed a motion for new trial, he did not raise the issue of ineffective assistance of counsel. Consequently, appellant's trial attorney has not been given an opportunity to explain his trial strategy. *See Menefield*, 363 S.W.3d at 593 ("Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'") (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Nor has appellant shown that this is one of those extraordinary situations in which the face of the record shows counsel's challenged conduct was so outrageous that no competent attorney would have engaged in it. *Garcia*, 57 S.W.3d at 440. Appellant pleaded guilty to an aggravated offense and received

deferred adjudication on an open plea. We therefore conclude appellant failed to demonstrate under the first *Strickland* prong that counsel's performance was deficient. *Lopez*, 343 S.W.3d at 144. We overrule appellant's second point of error.

Having resolved appellant's points of error against him, we affirm the trial court's judgment.

_____
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111430F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CEDRIC HARRIS, Appellant

No. 05-11-01430-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas. (Tr.Ct.No. F09-40745-L).
Opinion delivered by Justice Murphy, Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 31, 2013.

_____
MARY MURPHY
JUSTICE