**AFFIRMED; Opinion Filed July 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01668-CR
### No. 05-12-01669-CR

**DONALD STEVENSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-54028-R and F12-54029-R**

## OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Myers

Appellant Donald Stevenson pleaded no contest to aggravated kidnapping[1] and unlawful possession of a firearm by a felon,[2] and was sentenced to concurrent terms of thirty years' imprisonment. In five issues, appellant argues that the trial court failed to inquire into his competency to stand trial, that he was denied due process, that his no-contest pleas were not freely and voluntarily made, that he received ineffective assistance of counsel, that the trial court erred by finding he was required to register as a sex offender, and that there is no evidence to support the assessment of costs in 05–12–01668–CR. We affirm.

---

[1] 05–12–01668–CR (trial court cause number F12–54028–R)

[2] 05–12–01669–CR (trial court cause number F12–54029–R)

## BACKGROUND AND PROCEDURAL HISTORY

Appellant was indicted for the first-degree felony offense of aggravated kidnapping in cause number 05–12–01668–CR, and for the third-degree felony offense of unlawful possession of a firearm by a felon in cause 05–12–01669–CR. *See* TEX. PENAL CODE ANN. §§ 20.04(a)(4), (c), 46.04(a), (e). Each offense was enhanced by two prior felony convictions that increased the punishment range to 25 to 99 years or life imprisonment. *See id*. § 12.42(d). Appellant initially pleaded not guilty to both offenses. At a pretrial hearing held on October 16, 2012, he entered open pleas of no contest to the indictments and pleaded true to the enhancement paragraphs. The punishment phase began on October 17, 2012, and was continued until November 30, 2012, for completion of a presentence investigation. On November 30, 2012, after hearing evidence from both sides, the trial court found appellant guilty in both cases and assessed punishment at 30 years' imprisonment in each case to run concurrently. The trial court also found that the sex offender registration requirements of chapter 62 of the Texas Code of Criminal Procedure applied to the aggravated kidnapping conviction. The written judgment in each case assessed court costs of $244.

## DISCUSSION

### *Appellant's Competency*

In his first two issues, appellant argues the trial court erred by not "sua sponte conducting an inquiry into appellant's competency to continue with his plea of no contest," and that he was "denied due process when he was convicted in each case . . . because he was mentally incompetent or denied the right to an inquiry of mental incompetency."

The prosecution and conviction of a defendant while he is legally incompetent violates due process. *Morris v. State*, 301 S.W.3d 281, 299 (Tex. Crim. App. 2009). A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer

with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). A judge must inquire into a defendant's mental competence if the issue is sufficiently raised. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). The initial inquiry is informal and is required when evidence suggesting incompetency comes to the trial court's attention. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(b), (c); *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.).

The statutory scheme set forth in the Texas Code of Criminal Procedure codifies the constitutional standard for competency to stand trial and describes the circumstances that require, and the procedures for making, a determination of whether a defendant is competent to stand trial. *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013). If evidence suggesting a defendant is incompetent comes to the trial court's attention, "the court on its own motion shall suggest the defendant may be incompetent" and "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(b), (c). The threshold requirement for an informal inquiry is a suggestion of incompetency, and it "may consist solely of a representation from any credible source that the defendant may be incompetent." *See id.* art. 46B.004(c–1). "A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant." *Id*. "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id*. Those factors include whether the defendant can: "(a) rationally understand the charges against him and the potential consequences of the pending criminal proceedings; (b) disclose to counsel pertinent

facts, events, and states of mind; (c) engage in a reasoned choice of legal strategies and options; (d) understand the adversarial nature of criminal proceedings; (e) exhibit appropriate courtroom behavior; and (f) testify." *Id*. art. 46B.024(1). "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under [Chapter 46] Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case." *Id*. art. 46B.005(a); *Turner*, 422 S.W.3d at 692.

We review a trial court's decision regarding an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner*, 422 S.W.3d at 692 n.31; *Jackson*, 391 S.W.3d at 141; *see also Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008). An informal inquiry may be satisfied when the trial court poses simple, short questions to the defendant and/or defense counsel regarding the defendant's competency. *Luna*, 268 S.W.3d at 598–600; *Jackson*, 391 S.W.3d at 142; *Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd); *Coyt–Sowells v. State*, No. 14–11–00986–CR, 2013 WL 1499579, at *1 (Tex. App.— Houston [14th Dist.] Apr. 11, 2013, no pet.) (mem. op., not designated for publication). "[E]xhaustive inquisitions are not required." *Coyt–Sowells*, 2013 WL 1499579, at *1 (citing *Luna*, 268 S.W.3d at 599–600; *Gray*, 257 S.W.3d at 829).

The record shows that a pretrial hearing in the above cases was held on October 16, 2012, shortly before the scheduled start of jury selection. During that hearing, the trial court admonished appellant regarding the State's plea offer of 25 years' imprisonment, pointing out that the punishment range if the enhancement paragraphs were proved true would be 25 to 99 years or life imprisonment. It asked appellant, "Do you understand that?" Appellant replied, "Not really, I don't." The court asked appellant, "You don't understand the punishment range?" Appellant said, "I don't understand none of this." The court inquired as follows:

–4–

THE COURT: You don't understand any of it? Well let's start at the very beginning. Do you understand what you're charged with?

THE DEFENDANT: I understand what they arrested me for.

THE COURT: Do you understand what you're charged with?

THE DEFENDANT: Not really.

THE COURT: Because I don't know what they arrested you for. They may have arrested you for a traffic ticket. All right, well, you're charged with aggravated kidnapping and you're charged with possession of a firearm by a felon. You understand what you're charged with in each of those cases?

THE DEFENDANT: Not really, I don't.

THE COURT: Really? What part don't you understand, sir?

THE DEFENDANT: I don't understand how really, how I'm in here, how I end up getting right in here with me charged with something like that. I don't understand it.

THE COURT: Okay, we're not talking about how you wound up being charged, I'm asking you if you understand what you're charged with?

THE DEFENDANT: No, I don't.

After the court reviewed the allegations in the indictment with appellant and confirmed that he had pleaded not guilty to both indictments, it asked:

THE COURT: All right. So you're just saying you're not guilty of the offense but you do understand what you're charged with?

THE DEFENDANT: I just don't understand it, Your Honor.

THE COURT: No, no, my—what you said before is you don't understand why you're being charged with this. But you do understand what the charge is; is that correct?

THE DEFENDANT: Yeah.

THE COURT: Yes? Is that yes?

THE DEFENDANT: I don't know, Your Honor, I don't, I don't.

THE COURT: You don't know what?

THE DEFENDANT: I don't feel good.

THE COURT:  You don't feel good?

THE DEFENDANT:  No, sir.

THE COURT:  What's the nature of your illness?

THE DEFENDANT:  My prostate.

THE COURT:  Oh, your prostate.  Why don't you have a seat.  All right.  Well, in the second case you're charged with possessing a handgun and a shotgun after being convicted of a felony.  Do you understand that charge?

THE DEFENDANT:  I do understand that.

THE COURT:  Okay.  So you do understand that, you do enter a plea of not guilty; is that correct?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now in regards to the kidnapping, what portion of the charge do you not understand?  Do you understand what kidnapping is?

THE DEFENDANT:  Not really.

THE COURT:  You don't understand what kidnapping is?

THE DEFENDANT:  I haven't done anything like this, I don't understand.

THE COURT:  No, no, no, we're not asking you if you've done it.  I'm not asking you whether you've done it, I'm asking you—

THE DEFENDANT:  I'm not trying to be hard.

THE COURT:  No, I know you're not, sir.  In theory, do you understand what kidnapping is?

THE DEFENDANT:  Keeping somebody like they say.

THE COURT:  That's what they charged you with.  Whether they can prove it is another matter. You understand that?

THE DEFENDANT:  Yeah.

THE COURT:  I'm not asking you if you did this offense, I'm asking you if you understand what you're charged with.  You may not understand the procedures, how you got here, the grand jury and all that, but you understand that they've indicted you, charged you with the offense of aggravated kidnapping; you understand that?

THE DEFENDANT:  (Nods head.)

–6–

THE COURT: You're nodding your head yes?

THE DEFENDANT: I guess so.

The court explained the ranges of punishment for the two offenses and that appellant would have to do one half of any sentence he received in the aggravated kidnapping case. It then asked, "You understand that?" Appellant replied, "Yes." At the conclusion of the hearing, the trial court asked again:

THE COURT: Mr. Stevenson, have you understood everything that's gone on in this portion of trial?

THE DEFENDANT: I think I have.

THE COURT: Yeah, you have. Okay. And, counsel, you feel your client is mentally competent?

[DEFENSE COUNSEL]: Yes, he is.

The record in this case shows that the trial court posed a series of questions to appellant to gauge his understanding of the proceedings and the charges pending against him. Those questions were sufficient to constitute an informal inquiry into appellant's competence. *See Luna*, 268 S.W.3d at 598–600; *Jackson*, 391 S.W.3d at 142; *Gray*, 257 S.W.3d at 829. At the conclusion of the hearing, the court asked defense counsel whether he felt his client was mentally competent, and counsel replied in the affirmative. At no point during the hearing did counsel raise any concerns regarding appellant's competency.

The record supports the trial court's determination that appellant fully understood the pending charges and was able to communicate with his attorney in a rational manner. There is no evidence in the record appellant lacked either part of the competency requirement of article 46B.003(a). Additionally, to the extent appellant is arguing the trial court should have held a formal inquiry, this claim is not supported by the record. In light of what the court knew at the conclusion of its informal inquiry, it was not necessary for the court to conduct a formal hearing. *See Turner*, 422 S.W.3d at 692. We overrule appellant's first and second issues.

## *Voluntariness of Appellant's Pleas*

In his third issue, appellant contends his no contest pleas were not made freely and voluntarily. No plea of guilty or nolo contendere shall be accepted by a trial court unless it appears the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b). Article 26.13(a) lists five admonitions, which may be made by the court either orally or in writing. *Id.* art. 26.13(a)(1)–(5), (d). For written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.* art. 26.13(d). A court's admonition that substantially complies with article 26.13(a) is sufficient. *Id.* art. 26.13(c). The presence of article 26.13 admonitions in the record creates a prima facie showing that substantial compliance occurred and that the plea was both knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.).

The clerk's record in each of the above cases included a plea agreement in which appellant acknowledged he was waiving his right to a jury trial and entering a plea of nolo contendere. Each document contained a section titled "COURT'S ADMONITIONS TO DEFENDANT" in which the trial court delivered the applicable article 26.13(a) admonitions. The court's written admonitions were followed by a section titled "DEFENDANT'S STATEMENTS AND WAIVERS" in which appellant stated he was the person accused in the charging instrument and mentally competent. He signed the document, acknowledging he understood the charge against him, the range of punishment for the offense, the consequences of his nolo contendere plea, and the rights he was waiving by pleading nolo contendere. Appellant also acknowledged that his attorney explained to him, and that he read and understood, the court's admonitions and warnings regarding his rights and plea. He stated that the waivers were

–8–

"knowingly, freely, and voluntarily made with full understanding of the consequences." There was a written statement above the defense attorney's signature that he "consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of [his] rights." The plea agreement was also signed by the prosecutor and the trial court and filed with the district court clerk.

The record shows that, after the trial court conducted the informal inquiry into appellant's competence that we discussed earlier, appellant indicated he wanted to change his pleas. Following a break in the proceedings, during which the plea papers were signed, the court admonished appellant as follows:

> THE COURT: All right, this is State of Texas versus Donald Stevenson. Mr. Stevenson, previously, on October 4th, you were arraigned, you entered a plea of not guilty, not true after the indictments were read to you. It's my understanding at this time you wish to change your plea from not guilty to guilty, and your pleas to the enhancement paragraph from not true to true; is that correct?
>
> [DEFENSE COUNSEL]: Judge, he's entering a plea of no contest.
>
> THE COURT: No contest, I'm sorry. You're changing your plea—
>
> THE DEFENDANT: That's correct.
>
> THE COURT: —from not guilty to no contest; is that correct?
>
> THE DEFENDANT: That's correct, sir.
>
> THE COURT: And you're entering pleas of true to the enhancement paragraph; is that correct?
>
> THE DEFENDANT: That's correct, Your Honor.
>
> THE COURT: All right. And you understand the punishment range if the enhancement paragraphs are proven to be true is a minimum 25 years, maximum 99 years or life in each case; you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You are waiving your right to a jury trial; is that correct?
>
> THE DEFENDANT: Yes.

THE COURT: And you've signed a judicial confession in each case; is that correct?

THE DEFENDANT: Yes.

THE COURT: You do not have a plea bargain agreement. What we're going to do is, I think the State is going to put on some evidence tomorrow and I'll give you an opportunity to present evidence either tomorrow or at a later time, and I assume you're requesting a—

[DEFENSE COUNSEL]: PSI.

THE COURT: —presentence investigation. So this case will not be completed today or tomorrow, but will be reset for you to be interviewed by probation and all that. Do you understand that?

THE DEFENDANT: Thank you, sir.

THE COURT: You're welcome. But you do understand that's how we're going to conduct this. You do not have a plea bargain agreement. You understand I can set your punishment anywhere within the range provided by law. Do you understand that?

THE DEFENDANT: (Nods head.)

THE COURT: All right. Understanding all of this, what is your plea to the two indictments: Guilty, not guilty or no contest?

THE DEFENDANT: No contest.

THE COURT: And what is your plea to the enhancement paragraphs, true or not true?

THE DEFENDANT: True.

When, as in this case, a defendant attests that he understood the nature of his plea and that it was voluntary, he has a heavy burden on appeal to show that his plea was involuntary. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) ("A defendant's sworn representation that his guilty plea is voluntary 'constitute[s] a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Alliso*n, 431 U.S. 63, 74 (1977)). The trial court's written admonitions, combined with appellant's assurances in the plea agreement and at the plea hearing concerning his understanding of the consequences of his plea, constitute a prima facie showing that appellant entered his plea knowingly and voluntarily. *See*

–10–

*Martinez*, 981 S.W.2d at 197; *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd). We find nothing in the record to show appellant entered his no contest pleas without understanding the charges against him or the consequences of his actions. *See, e.g., Logan v. State*, 506 S.W.2d 593, 594 (Tex. Crim. App. 1974) (noting it was "inconceivable that the appellant, who had the advice of counsel and to whom the entire indictment had just been read immediately preceding the admonishment, could have been misled or prejudiced in any way"). The record likewise fails to show appellant was harmed or misled as a result of any missing information on a plea document. Consequently, appellant has not shown his no contest pleas were involuntary. *See Kniatt*, 206 S.W.3d at 664; *Kirk*, 949 S.W.2d at 771. We overrule appellant's third issue.

### *Ineffective Assistance of Counsel*

In his fourth issue, appellant contends his pleas of no contest were not "made freely and voluntarily because of ineffective assistance of counsel in not requesting a stay of the proceedings when appellant displayed signs of incompetency during his plea hearing."

To prevail on a claim of ineffectiveness of counsel at trial, an appellant must establish: (1) trial counsel's representation fell below an objective standard of reasonableness in that counsel made errors so serious that counsel was not functioning as the reasonably effective counsel guaranteed by the state and federal constitutions; and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (1986). We indulge a strong presumption that defense counsel's conduct falls within the wide range of reasonable, professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To defeat this

presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). We may not reverse for ineffective assistance when counsel's actions or omissions may have been based on tactical decisions, but the record does not explain the reasons for counsel's decisions. *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011). Because the reasonableness of trial counsel's choices often involve facts that do not appear in the appellate record, an application for writ of habeas corpus usually is the more appropriate vehicle to raise ineffective assistance of counsel claims. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Appellant specifically argues his trial counsel was ineffective for "not requesting a stay of proceedings when [a]ppellant displayed signs of incompetency during his plea hearing," and for "vouch[ing] for [a]ppellant's competence" during the plea hearing. The record, however, contains no evidence of the reasoning behind counsel's actions. Appellant did not file a motion for new trial raising a complaint of ineffective assistance of counsel; therefore, trial counsel was never given an opportunity to explain his actions. Because the record provides no explanation for counsel's actions or inactions, appellant has not met his burden of overcoming the strong presumption of reasonable assistance. *See Strickland*, 466 U.S. at 687–88; *Rylander*, 101 S.W.3d at 110–11. We overrule appellant's fourth issue.

*Sex Offender Registration Requirement*

In his fifth issue, appellant contends the trial court erred by finding he was required to register as a sex offender pursuant to chapter 62 of the Texas Code of Criminal Procedure, and that the evidence is insufficient to support and sustain the trial court's finding.

The judgment in 05–12–01668–CR, the aggravated kidnapping case, states that the sex offender registration requirements apply to the defendant and that the age of the victim at the time of the offense was greater than eighteen years of age. If a defendant is convicted of an offense for which sex offender registration is required, the Code of Criminal Procedure requires the written judgment to reflect (1) a statement that the registration requirement applies to the defendant and (2) a statement of the age of the victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(27). A conviction for aggravated kidnapping under section 20.04(a)(4) of the penal code is a reportable conviction "if the actor committed the offense or engaged in the conduct with intent to violate or abuse the victim sexually." *Id*. art. 62.001(5)(C). The phrase "intent to violate or abuse the victim sexually" is not defined in the penal code, but the Texas Court of Criminal Appeals has construed it to mean an intent to commit a "non-consensual sex act" upon the victim. *Prudholm v. State*, 333 S.W.3d 590, 598 (Tex. Crim. App. 2011).

Appellant admitted in his signed judicial confession in the aggravated kidnapping case that he committed the offense with the intent to inflict bodily injury on complainant *and* to violate and abuse the complainant sexually:

> On the 2nd day of April A.D., 2012, in Dallas County, Texas, I did unlawfully unlawfully [sic], intentionally and knowingly abduct complainant, MELISSA GASPARD, in that defendant [sic] restrained the complainant by confining complainant and by moving complainant from one place to another, and by secreting and holding complainant in a place where complainant was not likely to be found and by threatening to use deadly force, and defendant did intentionally and knowingly abduct the complainant with the intent to inflict bodily injury on

complainant *and to violate and abuse complainant sexually* [EMPHASIS ADDED].

By judicially confessing in the conjunctive, appellant admitted having the specific intent to commit *both* acts, including the intent "to violate and abuse the complainant sexually." Thus, appellant's conviction for aggravated kidnapping is a reportable conviction pursuant to article 62.001(5)(C), and appellant was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(C). We overrule appellant's fifth issue.

### *Assessment of Costs*

In his sixth issue, appellant argues there is no evidence to support the trial court's order in 05–12–01668–CR for him to pay $244 court costs. He complains that the trial court erred "pursuant to the authority and reasons stated in *Jelks v. State*," 397 S.W.3d 759 (Tex. App.— Houston [14th Dist.] 2013), *pet. granted*, *judgment vacated*, 426 S.W.3d 104 (Tex. Crim. App. 2014) (per curiam). In *Jelks*, the court of appeals reformed the judgment to delete a specific amount of costs assessed because there was no evidence to support the trial court's assessment of a specific dollar amount as court costs. *Jelks*, 397 S.W.3d at 760. However, the Texas Court of Criminal Appeals reversed and remanded the case for reconsideration in light of its recent opinion in *Johnson v. State*, 423 S.W.3d 385, 391–92 (Tex. Crim. App. 2014), where the court set forth a roadmap for resolving questions concerning court costs. *Jelks*, 426 S.W.3d at 104.

Appellant does not specify what authority or reasons stated in the vacated *Jelks* opinion he is referring to, nor does not he explain how it applies to this case. The rules of appellate procedure require a brief to contain a clear and concise argument for the contentions made. *See* TEX. R. APP. P. 38.1(i); *see also Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (court has no obligation to construct and compose appellant's issues, facts, and arguments). Furthermore, to the extent appellant is challenging the sufficiency of the evidence based on the absence of an itemized bill of costs, we note that after appellant filed his brief, the clerk's record

–14–

was supplemented and now contains an itemized bill of costs. Specifically, the supplemental clerk's record contains a computer printout itemizing the costs assessed in the case and showing a total of $244 in court costs and an explanation of the abbreviations used in the itemization. The supplemental clerk's record also includes a bill of costs certification signed by the deputy district clerk and certified by the district clerk. Because the clerk's record now contains a cost bill that supports the costs assessed in the judgment, any complaint that the evidence is insufficient to support the imposition of costs because the record does not contain a cost bill is, therefore, moot. *See Johnson*, 423 S.W.3d at 391–92; *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd). Accordingly we overrule appellant's sixth issue.

We affirm the trial court's judgments.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121668F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD STEVENSON, Appellant

No. 05-12-01668-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-54028-R.
Opinion delivered by Justice Myers.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of July, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONALD STEVENSON, Appellant

No. 05-12-01669-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-54029-R.
Opinion delivered by Justice Myers.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of July, 2014.